WALTER C. KOWAL, ADMINISTRATOR (ESTATE OF
JAMES W. KOWAL) *v.* JAMES M. HOFHER ET AL.

LOISELLE, BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued February 15—decision released July 1, 1980

*Michael F. Dowley,* with whom, on the brief, was *Glenn F. McNamara,* for the appellant (plaintiff).

*Richard F. Banbury,* with whom, on the brief, was *Milton W. Horwitz,* for the appellees (defendants).

PARSKEY, J. The plaintiff, administrator of the estate of James W. Kowal, brought this action in three counts against the defendant restaurant owner and permittee, his agents and employees. Each count alleged that the defendant served alcoholic beverages to the driver of the automobile which collided with the automobile driven by the plaintiff's decedent, while the driver was already in an intoxicated condition, and that the driver then operated his vehicle in a negligent manner causing the collision and injuries which resulted in death. In the first count the plaintiff alleged liability under General Statutes § 30-102, the dram shop act.[1] In the second and third counts, the plaintiff alleged liability for common-law negligence and for gross negligence and wanton and reckless conduct. The defendants moved to strike the second and third counts on the ground that the remedies provided by

[1] General Statutes § 30-102 provides in part: "LIQUOR SELLER LIABLE FOR DAMAGE BY INTOXICATED PERSONS, NOTICE OF ACTION. If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured, up to the amount of twenty thousand dollars, or to persons injured in consequence of such intoxication up to an aggregate amount of fifty thousand dollars, to be recovered in an action under this section . . . ."

the dram shop act are exclusive and the plaintiff has no common-law cause of action. The motion was granted, and judgment was rendered in favor of the defendants on the second and third counts. The plaintiff appealed from the partial judgment. The sole question presented on appeal is whether the plaintiff's remedies are limited to those provided by the dram shop act.

We have held in a number of cases that there is no common-law action in negligence against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another. *Nelson* v. *Steffens,* 170 Conn. 356, 361, 365 A.2d 1174 (1976); *Moore* v. *Bunk,* 154 Conn. 644, 649, 228 A.2d 510 (1967); *Nolan* v. *Morelli,* 154 Conn. 432, 436, 226 A.2d 383 (1967).[2] We adhered to this principle most recently in *Slicer* v. *Quigley,* 180 Conn. 252, 255, 429 A.2d 855 (1980). The reason underlying the rule is that the proximate

---

[2] At first glance *Nolan* v. *Morelli,* 154 Conn. 432, 226 A.2d 383 (1967), appears to stand for the proposition that *no* cause of action was recognized for intentional misconduct in supplying alcohol to another. *Nolan* v. *Morelli,* supra, 436. If sound, this principle would of course apply a fortiori to reckless conduct. An examination of the record and briefs in *Morelli,* however, reveals that no cause of action was alleged based either on reckless or intentional conduct with respect to the consequences flowing from the supplying of alcohol. The plaintiff in *Morelli* alleged that the defendants sold intoxicating liquor "unlawfully, wrongfully and negligently." A 462 Rec. & Briefs, p. 369. In particularizing these unlawful, wrongful and negligent acts the plaintiff alleged that the defendants "urged upon, forced or induced plaintiff's intestate" to drink. Id. As the court's opinion makes clear, however, this language was not taken to mean that the plaintiff was actually intimidated physically. More important, the plaintiff conceded in her brief "that in the instant case counts two and five are . . . brought on the theory of common law negligence." Id., 379. For this reason we do not find the rule of *Morelli* and its progeny to be controlling in the present case.

cause of the intoxication was not the sale or furnishing of the liquor but the consumption of it by the purchaser or donee. Id. The trial court concluded that because no duty existed at common law, the dram shop act, § 30-102, provided the exclusive remedy for injuries sustained as a result of another's intoxication.

Section 30-102 had its genesis in 1933 following the repeal of the eighteenth (prohibition) amendment to the federal constitution. Cum. Sup. 1935, § 1088c. *London & Lancashire Indemnity Co.* v. *Duryea,* 143 Conn. 53, 56, 119 A.2d 325 (1955). There is no specific provision in this statute which bars a common-law action or otherwise preempts the field of liability of a seller of liquor. This statute, which requires no showing of a causal relation between the sale of intoxicating liquor and the subsequent injury, was enacted to fill the void created by the old rule's disallowance of any action against the barkeeper grounded in negligence. The underlying premise of the dram shop statute is that it is in the public interest to compensate citizens of this state for injuries received when a vendor sells alcohol to an intoxicated person who in turn brings about injuries as a result of such intoxication. There is absolutely no indication, however, that where causation is adequately traced back to the barkeeper who served an intoxicated person an alcoholic beverage the legislature, nevertheless, intended the dram shop act to be the injured plaintiff's exclusive remedy. See *Berkeley* v. *Park,* 47 Misc. 2d 381, 262 N.Y.S.2d 290 (1965); *Mason* v. *Roberts,* 33 Ohio St. 2d 29, 32, 294 N.E.2d 884 (1973). If the plaintiff has no cause of action against the bartender for negligence, it is not the statute but rather the common law which denies the

plaintiff a right of recovery. Although the trial court granted the motion to strike the second count on the basis of its conclusion that the statute provided the exclusive remedy, the motion to strike was also based, correctly, in our view, on the absence of a common-law cause of action. The court's ruling was therefore correct, even though the ground on which it was supported was erroneous. *Fraser* v. *Henninger,* 173 Conn. 52, 59, 376 A.2d 406 (1977).

The third count, however, bases a cause of action on wanton and reckless misconduct.[3] The question arises whether the same principles of causation apply to such actions as apply to those founded on negligence. To answer this question requires a further discussion of the principle of "legal cause."

Legal cause is a hybrid construct, the result of balancing philosophic, pragmatic and moral approaches to causation. "In a philosophical sense, the consequences of an act go forward to eternity, and the causes of an event go back to the discovery of America and beyond." Prosser, Torts (4th Ed.) § 41, p. 236. "Causation in fact" is the purest legal application of the philosophical dimension of legal cause. The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct. That the test is applied as a matter of fact rather than as a matter of metaphysics does not change the character but only the extent of the intellectual inquiry.

This expansive view of causation is tempered by the pragmatic requirement of shaping rules which are feasible to administer, and yield a workable

---

[3] The plaintiff also alleges "gross negligence" in the third count. We confine our ruling in this case to the allegations of wanton and reckless misconduct.

degree of certainty. 2 Harper & James, Torts § 20.4, p. 1133. Remote or trivial causes are generally rejected because the determination of the responsibility for another's injury is much too important to be distracted by explorations for obscure consequences or inconsequential causes.

Finally, a moral approach to causation introduces into the formula the perceived nature of the actor's conduct which produced the injury. Responsibility for greater consequences may be considered justified in the case of intentional or reckless conduct than for mere negligence. Prosser, Torts § 34, p. 184. "The fact that the actor's misconduct is in reckless disregard of another's safety rather than merely negligent is a matter to be taken into account in determining whether a jury may reasonably find that the actor's conduct bears a sufficient causal relation to another's harm to make the actor liable therefor." Restatement (Second), 2 Torts § 501 (2); cf. id., § 435B. Comment (a) to § 501 makes it clear that a jury may be permitted to find causation in cases of reckless misconduct even though no such finding would be permissible were the defendant's conduct merely negligent. In sum, whatever the formulation of the rule, policy considerations generally underlie the doctrine of proximate cause. 2 Harper & James, Torts § 20.4, p. 1132.

The question before us, then, is whether those policy considerations which might justify protecting both a vendor and a social host from common-law liability for the injurious consequences of negligent conduct in the sale or serving of alcoholic beverages to another also apply when the conduct constitutes wanton and reckless misconduct. We hold that they

do not. This conclusion is based primarily on the notion that one ought to be required, as a matter of policy, to bear a greater responsibility for consequences resulting from his act when his conduct is reckless or wanton than when his conduct is merely negligent. See Restatement (Second), 2 Torts § 501, comment (a).

There are a number of cases which have considered the liability of an actor for intentional or reckless misconduct in the sale of alcoholic liquor. The seminal case in this field is *Nally* v. *Blandford,* 291 S.W.2d 832 (Ky. 1956). Kentucky does not recognize a common-law action against a vendor of liquor on the ground of negligence; nor does it have a dram shop statute. *Nally* involved an action alleging wrongful death resulting from the drinking of an excessive quantity of whiskey, where the vendor knew when he sold liquor to an intoxicated person that such person intended to drink all of it without ceasing, that he could not safely be trusted with it, and that the vendor could reasonably foresee that death might result. The court held that the complaint stated a sufficient cause of action since it could be concluded that the unlawful sale was the proximate cause of death, especially where it was alleged that the sale was made to the deceased for the purpose of injuring him. A cause of action based principally on wilful, wanton and intentional misconduct in serving alcoholic beverages to a known compulsive alcoholic was also upheld in *Grasser* v. *Fleming,* 74 Mich. App. 338, 253 N.W.2d 757 (1977).

The reason that intentional and reckless misconduct are treated the same is that the conduct in both cases is outrageous, and the difference between

the two in a conceptual sense is microscopic. "Wanton misconduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action. Wilful misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the equivalent of wilful misconduct." *Menzie* v. *Kalmonowitz,* 107 Conn. 197, 199, 139 A. 698 (1928).

An examination of the policy considerations involved in legal cause persuades us that there is no logical reason for denying the plaintiff a recovery based on proof of wanton and reckless misconduct. The trial court's contrary conclusion was, therefore, erroneous.

There is error in part, the judgment is set aside with respect to the third count and the case is remanded with direction to deny the defendants' motion to strike addressed to this count.

In this opinion PETERS, J., concurred.

BOGDANSKI, J. (concurring in part and dissenting in part.) I concur in the result of that part of the majority's opinion holding that the court erred in striking that count of the plaintiff's complaint alleging "wanton and reckless misconduct."

I would, however, dissent from that part of the opinion holding that the plaintiff has no cause of action in negligence for the reasons set forth in my dissent in *Slicer* v. *Quigley,* 180 Conn. 252, 429 A.2d 855 (1980).

LOISELLE, J. (dissenting.) I cannot agree with the majority opinion's statement of Connecticut law or its characterization of the issue presented as one which turns on principles of causation.

For many years Connecticut has adhered to the common-law rule that there is no *tort* cause of action—not only no action in negligence—against one who furnished, whether by sale or gift, intoxicating liquor to a person who voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another. *Slicer* v. *Quigley,* 180 Conn. 252, 255, 429 A.2d 855 (1980); *Nelson* v. *Steffens,* 170 Conn. 356, 358, 365 A.2d 1174 (1976); *Moore* v. *Bunk,* 154 Conn. 644, 649, 228 A.2d 510 (1967); *Nolan* v. *Morelli,* 154 Conn. 432, 436-37, 226 A.2d 383 (1967). The reason for the rule is that the proximate cause of the intoxication was not the furnishing of the liquor but the drinking of it by the purchaser or donee. *Slicer* v. *Quigley,* supra, 255; *Nolan* v. *Morelli,* supra, 436-37.

I am confused by the majority opinion's agreement with the common-law doctrine that the sale or furnishing of liquor to another cannot be a proximate cause of intoxication where the plaintiff alleges negligence, but holding that the sale or furnishing may be a proximate cause of intoxication where the plaintiff alleges gross negligence, wanton and reckless conduct. How the proximate cause can shift from the drinking of the liquor by the purchaser or donee where the plaintiff alleges negligence by the seller or the furnisher, to the sale or furnishing of the liquor by the seller or donor where the plaintiff alleges gross negligence, wanton and reckless conduct escapes me. The only legal difference involved is the degree of care.

The proximate or "legal cause" of the plaintiff's injuries in this case has been established by this court as a matter of law; see Prosser, Torts (4th Ed.) §§ 42, 45; regardless of the theory upon which the plaintiff endeavors to impose tort liability. To create a common-law cause of action for gross negligence, wanton and reckless conduct in the sale or furnishing of alcoholic beverages while acknowledging that there is no such action for negligent conduct in the sale or furnishing of alcoholic beverages contradicts precedent established by this court; *Slicer* v. *Quigley,* supra; *Nelson* v. *Steffens,* supra; *Moore* v. *Bunk,* supra; *Nolan* v. *Morelli,* supra;[1] and fosters a theoretical distinction among degrees of negligence which "has been condemned by most writers, and, except in bailment cases, rejected at common law by nearly all courts, as a distinction 'vague and impracticable in its nature, unfounded in principle,' which adds only difficulty and confusion to the already nebulous and uncertain standards which must be given to the jury." Prosser, Torts (4th Ed.) § 34, p. 182.[2] The terms wanton and reckless "apply to conduct which is still merely negligent." Prosser, Torts (4th Ed.) § 34, p. 184.

The majority of jurisdictions with dram shop acts which have addressed this issue hold that where the act applies, the remedies provided by the legislature are exclusive because the legislature has

[1] In *Nolan* v. *Morelli,* 154 Conn. 432, 436, 226 A.2d 383 (1967), the plaintiff alleged both negligence and intentional wrong in the defendants' sale of intoxicating liquor. This court applied the common-law rule on both counts without mention of any distinction based on proximate cause.

[2] See also 2 Harper & James, Torts § 20.4, p. 1133, which states that a policy consideration in establishing proximate cause is the "need to work out rules which are feasible to administer and yield a workable degree of certainty."

preempted additional common-law remedies. *Richardson* v. *Ansco, Inc.,* 75 Ill. App. 3d 731, 732, 394 N.E.2d 801 (1979), citing *Cunningham* v. *Brown,* 22 Ill. 2d 23, 174 N.E.2d 153 (1961); *Holland* v. *Eaton,* 373 Mich. 34, 39, 127 N.W.2d 892 (1964), overruled on other grounds, *Lambert* v. *Calhoun,* 394 Mich. 179, 184, 229 N.W.2d 332 (1975); exclusivity doctrine followed in *Rowan* v. *Southland Corporation,* 90 Mich. App. 61, 68–69, 282 N.W.2d 243 (1979); *Blamey* v. *Brown,* 270 N.W.2d 884, 890 (Minn. 1978); *Griffin* v. *Sebek,* 90 S.D. 692, 694, 245 N.W.2d 481 (1976), citing *Kennedy* v. *Garrigan,* 23 S.D. 265, 121 N.W. 783 (1909); annot., 78 A.L.R.3d 1199, 1202; 45 Am. Jur. 2d, Intoxicating Liquors § 561; 48 C.J.S., Intoxicating Liquors § 430; contra *Mason* v. *Roberts,* 33 Ohio St. 2d 29, 32, 294 N.E.2d 884 (1973). Even those jurisdictions which have provided a common-law cause of action where the act does not apply have held that where the act applies its remedies are exclusive. *Shasteen* v. *Sojka,* 260 N.W.2d 48, 50 (Iowa 1977), citing *Lewis* v. *State,* 256 N.W.2d 181, 189-92 (Iowa 1977), citing *Robinson* v. *Bognanno,* 213 N.W.2d 530, 531 (Iowa 1973); *McNally* v. *Addis,* 65 Misc. 2d 204, 225, 317 N.Y.S.2d 157 (1970).

The cases cited by the majority opinion as having entertained the liability of a seller for intentional or reckless conduct are inapposite. The plaintiff in this case has not alleged an intentional tort by the defendants. As the majority concedes, when *Nally* v. *Blandford,* 291 S.W.2d 832 (Ky. 1956), was decided, Kentucky, unlike Connecticut, had no dram shop act. In addition, the action was brought by an administratrix for the wrongful death of her husband who had purchased and consumed the intoxi-

cating beverages. Here the plaintiff's decedent was a third party injured by the actions of another who purchased and consumed the intoxicants. The plaintiff was therefore eligible for a remedy under the dram shop act. *Nolan* v. *Morelli,* supra, 438–39. In *Grasser* v. *Fleming,* 74 Mich. App. 338, 253 N.W.2d 757 (1977), the other case cited by the majority opinion, the plaintiff executrix, like the administratrix in *Nolan* v. *Morelli,* supra, could not state a cause of action under the dram shop act because the Michigan act, like its Connecticut counterpart, provides no right of action to the intoxicated person who injures himself. These cases, which endeavored to provide a remedy where the plaintiff otherwise had none, can hardly be considered precedent for the issue raised here, where the dram shop act applies.

By enacting the dram shop statute the legislature created an exception to the common-law rule of no tort liability for those who sell or furnish alcoholic beverages. The statute does not require the plaintiff to prove that the sale produced or contributed to the intoxication of the person to whom it was sold. Recognizing the remedial nature of the statute, this court has said that where the dram shop act applies, it will be construed liberally. *Pierce* v. *Albanese,* 144 Conn. 241, 250–51, 129 A.2d 606, appeal dismissed, 355 U.S. 15, 78 S. Ct. 36, 2 L. Ed. 2d 21 (1957). The plaintiff is not without a remedy against the defendant seller. He seeks only to expand the seller's liability beyond the scope of the remedy provided by the legislature, supplementing it with a newly created common-law cause of action in gross negligence, wanton and reckless conduct which only involves a different degree of care. If

the statutory limitations are inadequate, changing them is a matter for the legislature. *Nelson* v. *Steffens,* supra, 361; *Nolan* v. *Morelli,* supra, 438–39.

I would find no error.

In this opinion HEALEY, J., concurred.