[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 17, 1989, the plaintiff Marvin Coble filed a ten count complaint against Brian P. Maloney and seven other defendants. The plaintiff seeks damages for injuries he sustained on April 6, 1988 in an automobile accident with the defendant Brian P. Maloney. On September 12, 1990 the plaintiff filed a revised complaint, count ten, of which sets forth a claim against the defendants Archie Frankie's, Inc. and Vincent Howe for their willful, wanton, and reckless conduct in serving alcohol to an obviously intoxicated individual, the defendant Brian P. Maloney.
On August 29, 1990, the defendants Archie Frankie's, Inc. and Vincent Howe filed a motion to strike count ten of the revised complaint and a memorandum of law in support thereof. The plaintiff has timely filed a memorandum of law in opposition.
The purpose of a motion to strike is to "contest. . . the legal CT Page 3695 sufficiency of the allegations of and complaint. . . to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. While a motion to strike admits all facts well-pleaded, it does not admit legal conclusions or opinions. Mingachos v. CBS, Inc., 176 Conn. 91,108 (1985).
The defendants Archie Frankie's, Inc. and Vincent Howe move to strike count ten for the reason that it fails to sufficiently set forth a willful, wanton and reckless cause of action. The plaintiff alleges in count ten, inter alia, that:
 13. The collision and the plaintiff's injuries and losses were the result of the willful, wanton and reckless conduct of the defendants, or their servants, agents or employees, in that they served alcoholic liquor to an obviously intoxicated individual, the defendant Brian P. Maloney, when they knew, or should have known that the said defendant would be driving a motor vehicle when he left The Pub Cafe and would be likely to cause injury to others.
"At common law it was the general rule that no tort cause of action lay against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another." Ely v. Murphy, 207 Conn. 88, 93 (1988). The Connecticut Supreme Court has held, however, that the policy considerations which might justify protecting a vendor from common law liability for the injurious consequences of negligent conduct in the sale or serving of alcoholic beverages to another do not apply when the conduct constitutes wanton and reckless misconduct. Kowal v. Hofher,181 Conn. 355, 360 (1980). The court stated that "there is no logical reason for denying the plaintiff a recovery based on proof of wanton and reckless misconduct." Id. at 362. The court also stated that there is no indication that the legislature intended the dram shop act, Connecticut General Statutes Section 30-102, to be the injured plaintiff's exclusive remedy. Id. at 358.
Accordingly, under Kowal the plaintiff in the present case may properly bring an action in recklessness against the defendants. The issue is whether or not he has alleged sufficient facts in count ten to set forth such a claim. The defendants argue that the allegations in count ten that the defendants CT Page 3696 "served alcoholic liquor to an obviously intoxicated individual" is not sufficient to allege reckless misconduct.
The Connecticut Supreme Court has stated that "`wilful,' `wanton,' or `reckless' conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . ." Dubay v. Irish, 207 Conn. 518, 533 (1988). Furthermore, "[t]he state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness. . ." Id. at 532.
The court finds that the plaintiff has alleged sufficient facts to constitute a claim for willful, wanton and reckless conduct by alleging that the defendants served liquor to an obviously intoxicated individual.
The instant case is distinguishable from Stebbins v. Staschke, 3 CSCR 421 (March 21, 198, Reynolds, J.). In Stebbins, the judge granted the defendant's motion to strike the plaintiff's claim of wanton and willful misconduct. The plaintiff in Stebbins did not allege in the count for wanton and willful misconduct that the defendants served alcohol to an obviously intoxicated individual.
Factually this case is closer to Kirchmeier v. Foshay,4 CSCR 337 (March 17, 1989, Pickett, J.), where the court found that the facts alleged by the plaintiff supported a claim for wanton or reckless conduct. The plaintiff alleged:
 1. The defendants, or their agents, sold, gave and delivered numerous alcoholic beverages to the plaintiff's decedent;
 2. The defendants allowed the plaintiff's decedent to consume those drinks and become intoxicated;
 3. The defendants or their agents allowed the plaintiff's decedent to walk out of the establishment even though he was so affected that he was disoriented and unable to walk property, and;
 4. The defendants knew or should have known that the plaintiff's decedent would be walking on a public highway.
Such allegations are comparable to the plaintiff's CT Page 3697 allegations in the present case.
For the above reasons, the defendants', Archie and Frankie's, Inc. and Vincent Howe's, motion to strike count ten of the plaintiff's complaint is denied.
McWEENY, J.