[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE ELK'S LODGE, HURTEAU, AND RYAN MOTION TO STRIKE COUNTS 2 AND 4
The issue before this court is should the court strike Counts Two and Four of the plaintiff's complaint for failure to allege facts sufficient to state a cause of action.
The following facts are alleged in the plaintiff's complaint filed July 17, 1990. The plaintiff, Deborah Fitzpatrick, sues for injuries she allegedly received while a passenger in a car driven by Mark Coty. She alleges that Coty became intoxicated at a party given by the defendants and as a result he "caused the motor vehicle to leave the traveled portion of the highway, to strike the adjacent guard rail, and to roll over and down an embankment."
In the first count of her four-count complaint, the plaintiff sues the East Hartford B.P.O. Elks Lodge No. 2063 and the permittees, Richard E. Hurteau and Robert P. Ryan, under the Dram Shop Act, Conn. Gen. Stats. 30-102 (1989), for allegedly selling or delivering alcohol to the driver of the car at a party held by the Elks. In Count Two, the plaintiff sues the Elks Lodge, Hurteau and Ryan for various alleged negligent acts and omissions in connection with the party. In Count Three, the plaintiff sues Richard Andrews, the sponsor and/or host of the party, for various alleged negligent acts or omissions in connection with the party. In Count Four, the plaintiff seeks punitive damages from the Elks Lodge, Hurteau, Ryan, and Andrews for reckless, willful and wanton misconduct.
On October 15, 1990, the Elks Lodge, Hurteau and Ryan (the defendants) moved to strike Counts Two and Four of the complaint and filed a supporting memorandum of law. The defendant Andrews is not a party to the motion. The plaintiff submitted a memorandum in opposition to the motion at short calendar.
"A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, 196 Conn. 91, 108
(1985). "[I]f facts provable under the allegations would support a defense or a cause of action, the [motion to strike] must fail." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). CT Page 346
At short calendar, the defendants argued that the plaintiff's opposing memorandum was not timely filed because it was submitted at short calendar rather than being filed at least five days before short calendar. Conn. Practice Book 155 (rev'd to 1989). Section 155 was amended effective October 1, 1989, to delete a provision that the non-movant consents to the motion to strike by failing to timely file an opposing memorandum. Although a timely opposing memorandum is required, the failure to so file it can be waived by the trial court. See Southport Manor Convalescent Center, Inc. v. Foley,20 Conn. App. 223, 226 (1990). The court waives the untimely filing and will proceed to the merits of the motion.
1. Count Two
The defendants argue that the court should strike Count Two, which sounds in negligence, because Connecticut's Dram Shop Act provides the exclusive remedy against sellers of alcoholic beverages. The Dram Shop Act provides a statutory cause of action against a vendor who "sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another . . . ." Conn. Gen. Stats. 30-102 (1989).
In Count Two, the plaintiff alleges that the defendants committed eight negligent acts or omissions in that they: (1) allowed a party at which guests could consume all the alcohol they could drink for one admission price, (2) served or allowed to be served alcohol to intoxicated persons, (3) knew or should have known that guests leaving the party posed a risk to others, (4) failed to monitor the actions of guests, (5) failed to instruct bartenders not to serve intoxicated persons, (6) failed to employ security guards to prevent intoxicated persons from leaving the party, (7) failed to instruct personnel to stop serving alcohol to intoxicated persons, and (8) failed to provide bartenders guidelines as to the amount of alcohol a person should drink.
"At common law there is no cause of action based upon negligence in selling alcohol to adults who are known to be intoxicated." Quinnett v. Newman, 213 Conn. 343, 345 (1990).
 [W]e are here confronted with a tavern seller-adult patron situation, the precise factual circumstance contemplated by 30-102. This being the case, we defer to the legislative policy as it is articulated by 30-102 and leave the plaintiff to the remedy set forth therein.
Id. at 347-48. CT Page 347
The defendants' motion to strike Count Two must be granted because there is no common law cause of action in Connecticut based upon the negligence alleged by the plaintiff. Courts have permitted claims against providers of alcohol for negligent supervision when plaintiffs are injured on the premises of the drinking establishment based on a duty to prevent patrons from harming each other. See DiBiaso v. Rusty Scupper Restaurant, 4 CSCR 355 (March 29, 1989, Clark, J.); Kosanski v. The Tobacco Shed, 5 CSCR 47
(November 14, 1989, Hennessey, J.). However, in the present case, the plaintiff alleges that she was injured in an automobile accident after the allegedly intoxicated driver left the defendants' establishment. The plaintiff has not alleged facts sufficient to state cause of action for negligent supervision. The motion to strike Count Two is granted.
2. Count Four
The defendants argue that Count Four should be stricken because the Dram Shop Act provides the exclusive cause of action under the facts alleged and the Act does not provide for punitive damages, which the plaintiff seeks in this count. Therefore, the defendants argue, Count Four does not state a legally sufficient cause of action.
The plaintiff alleges in Count Four that she was injured as a result of "reckless, willful and wanton misconduct" by the defendants in that they sponsored or permitted "a party wherein persons in attendance were allowed to consume all of the alcoholic beverages which they could for one fixed admission price, and by continuing to serve unlimited amounts of alcoholic beverages to persons who were already in an intoxicated condition . . . ." In Kowal v. Hofher, 181 Conn. 355
(1980), the court said
 [t]he question before us, then, is whether those policy considerations which might justify protecting both a vendor and a social host from common-law liability for the injurious consequences of negligent conduct in the sale or serving of alcoholic beverages to another also apply when the conduct constitutes wanton and reckless misconduct. We hold that they do not.
Id. at 360-61. The court reversed the trial court's grant of a motion to strike a count alleging wanton and reckless conduct.
The Dram Shop Act is not the exclusive cause of action CT Page 348 under the facts alleged by the plaintiff in Count Four. The motion to strike Count Four is denied.
JOSEPH B. CLARK, J.