[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE THIRD COUNT
The defendant bar and permittee move to strike the third count of the Revised Complaint on the ground that the plaintiff has failed to allege sufficient facts to transform a "dramshop" claim into an action in recklessness.
The plaintiff opposes said motion in that he had alleged sufficient facts of willful, wanton and reckless misconduct by alleging that the defendants knew of the intoxicated condition of the defendant driver during the approximately one and a half hour period of their sale and/or provision of alcoholic beverages to said driver, citing Kowal v. Hofher, 181 Conn. 355,360-1.
The motion to strike contests the legal sufficiency of the allegations of the complaint and in ruling upon it the court is limited to the facts alleged construed most favorably to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170. The plaintiff has alleged that he was injured as a passenger of the defendant driver who caused his vehicle to collide with another while his operation was impaired by the consumption of intoxicating liquor which the plaintiff alleged was provided to him by the defendants when they had knowledge of his then intoxicated condition. There can be no question that there is a sufficient action alleged where the causation is traced back to the barkeeper. Boehm v. Kish, 201 Conn. 385,392. The knowledge of the intoxicated condition of such person when the barkeeper has provided him with alcoholic liquor has been held to be reckless and wanton conduct. Kowal v. Hofher,181 Conn. 355, 361. CT Page 2648
For the above reasons the motion to strike is denied.
Corrigan, J.