[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants have moved to strike Counts One through Four of the five count complaint of the plaintiff, Ralph C. Crozier. They have also moved to strike the prayers for relief in which the plaintiff seeks punitive damages, exemplary damages and attorney's fees.
In Count One, the plaintiff alleges that he was injured by an intoxicated patron of the defendants after the defendants, the operators of a cafe, served the patron intoxicating beverages when he was already in a condition of obvious intoxication, in violation of section 30-102 C.G.S. The plaintiff further alleges in this count of his complaint that the defendants negligently denied him the use of the cafe's telephone after he had been assaulted by the other patron and that he was forced to encounter this patron again when he went outside to use a pay telephone, occasioning another altercation that led to the plaintiff's arrest.
In the second count of his complaint, the plaintiff CT Page 4228 alleges that the defendants were negligent in serving intoxicating beverages to the other patron and that the plaintiff was injured as a proximate cause of that negligence.
In the Third Count, the plaintiff alleges that the defendants breached their duty of care to him as a social invitee, pursuant to section 52-557a C.G.S., by negligently serving intoxicating beverages to the patron who allegedly assaulted the plaintiff.
In the Fourth Count of the complaint, the plaintiff makes no additional claims of liability but alleges that he holds himself out as "a visible member of the community" and suffered "extreme mental anguish and humility [sic] due to this occurrence."
The Fifth Count, which is not challenged in the motion to strike, alleges liability under the Connecticut Dram Shop Act, section 30-102 C.G.S.
Pursuant to section 152(1) P.B., a motion to strike is properly used to test the legal sufficiency of a complaint or any count thereof.
Despite the dissenting opinions of its Chief Justice and Associate Justice Hull, the Supreme Court has adhered to the position as recently as the case of Quinnett v. Newman,213 Conn. 343 (1990), that a plaintiff injured by an adult who has been served alcohol can recover from the seller only pursuant to section 30-102 C.G.S. or upon a showing that the seller engaged in wanton and reckless misconduct. See Kowal v. Hofher, 181 Conn. 355, 359-62 (1980).
The majority of the Court in Quinnett, supra at 345, reiterated that "[a]t common law there is no cause of action based upon negligence in selling alcohol to adults who are known to be intoxicated." See Boehm v. Kish, 201 Conn. 385
(1986); Kowal v. Hofher, supra; Slicer v. Quigley, 180 Conn. 252,255-56 (1980); Nelson v. Steffens, 170 Conn. 356, 358-59
(1976). The plaintiff has not alleged wanton or reckless misconduct with regard to the serving of alcohol to his alleged assailant, and Counts Two, Three and Four of the complaint must, under the present state of law, be stricken.
Count One alleges negligence both in the serving of alcohol and in the defendant's handling of the situation after the altercation between the plaintiff and the other patron began. So much of Count One as alleges negligence in serving alcohol is hereby stricken. The remaining claim of CT Page 4229 negligence is not challenged in the motion to strike and shall remain.
The Dram Shop Act sets forth the scope of damages to be recovered, and it contains no provision for exemplary or punitive damages nor for recovery of attorney's fee. The remaining portion of the First Count does not furnish a basis for such relief.
The motion to strike is granted as to Counts Two, Three and Four and the indicated portion of Count One, and as to the claims for punitive and exemplary damages and attorney's fee.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT