[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This case involves an attempt to establish the right of a person who voluntarily consumes alcohol to recover from the provider of the alcohol to the consumer of the alcohol and who subsequently is injured in their operation of a motor vehicle.
The tragic circumstances underlying this claim involve plaintiff's decedent's consumption of alcohol at the defendants bar on April 13, 1991.
The plaintiff drank at the bar the evening of the 13th and left at 1:00 a.m. on the 14th of April; having engaged in a "course of drinking" during the intervening hours.
At approximately 1:30 a.m. the plaintiff decedent was operating her motor vehicle on a public highway when she CT Page 202 crashed into a disabled vehicle which was exhibiting four-way emergency flashers. She was killed as a result of injuries sustained in the collision. Blood tests established the decedent's blood alcohol level at .346 at approximately the time of the accident.
A driver operating a motor vehicle on a Connecticut public highway at a blood alcohol level of .10 or greater is irrebuttably presumed to be under the influence of alcohol.
The complaint lies in two counts: Count One claims that the provision of alcohol to an intoxicated person and/or allowing such an intoxicated person to leave the premises and operate a motor vehicle on a public highway constitutes wanton or reckless misconduct; Count Two alleges that such conduct constitutes gross negligence.
The plaintiff also asserts that alternatively the complaint sets forth a cause of action for "negligent" supervision of tavern patrons and employees.
The Defendants, the club which operated a bar room and its permittee, have moved to strike both counts of the complaint. A Motion to Strike tests the legal sufficiency of the pleadings, Mingachos v. CBS, Inc., 196 Conn. 91 (1985). The facts are thus taken to be those alleged in plaintiff's complaint in the manner most favorable to the pleader. Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 472
(1980).
The path leading to such a claim was blazed by Justice Parskey's majority opinion in Kowal v. Hofher, 181 Conn. 355
(1980). In that case Justice Parskey discovered that the rules of causation which historically prevented a negligence claim against a purveyor of alcohol to one who consumes voluntarily, drives intoxicated and injures someone, were avoided by the plaintiff's invocations of a claim of wanton and reckless behavior.
Here, the plaintiff asserts that the Defendants repeatedly sold or provided Plaintiff with liquor when she was already intoxicated. The rubric of "wanton and reckless misconduct" is thus invoked; essentially avoiding consideration of the role of voluntary consumption as an intervening act and break in the chain of causation. CT Page 203
The Connecticut Supreme Court in Kowal v. Hofher supra dealt with the innocent party injured by the imbiber, but cited cases which were injured imbiber scenarios. A case presenting the policy issue of the drinker suing the provider of the alcohol Boehm v. Kish, 201 Conn. 385 (1986) was before the Supreme Court; but was decided on another issue.
Our Superior Courts have followed the unavoidable consequence of Kowal, see Weeman v. Church, 2 CSCR 133
(1986), Ryea v. Connell, 2 CSCR 1020 (1987); Hoekman v. Kukai Caliente, 2 CSCR 1035 (1987); Kirchmeier v. Foshay,4 CSCR 337 (1989).
The policy implications of allowing the thousands of individuals who drive automobiles while intoxicated to seek damages against the person who provided the alcohol must be resolved by the legislature. Our State Police reported in 1991, 14,207 driving while intoxicated arrests and 16,347 in 1990. The percentage of motor vehicle accidents which involve alcohol is also quite substantial.
The volume and backlog of cases which severely challenge our judicial system, dictate a restraint in judicial creation of causes of action which are of such questionable need.
The Second Count of the complaint as it alleges gross negligence is similarly viable, see Jameson v. Royal Equity, Inc., #059526, (1982 Berdon, J.). I am obliged however, to follow the direction of the Supreme Court.
The Motion to Strike is denied for the above mentioned reasons.
BY THE COURT,
Robert F. McWeeny Judge, Superior Court CT Page 204