[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Ivan Katz, executor of John Lipkvich's estate, and Cheryl Lipkvich, filed a five count complaint dated June 8, 1993 against the defendants, Kenneth and Debora Veysey and Peter Mauriello. The complaint alleges that Kenneth Veysey drove while intoxicated and caused the accident that resulted in the death of John Lipkvich and caused injuries to Cheryl Lipkvich. In count one of the complaint, the plaintiffs allege that the Veyseys negligently caused the accident. The plaintiffs allege in count two that the Veyseys' reckless conduct caused the accident. In count three, the plaintiffs allege that Mauriello served Kenneth Veysey liquor while Veysey was intoxicated and, therefore, is liable under the Dram Shop Act, General Statutes 30-102. In count four, the plaintiffs allege that Mauriello negligently served Kenneth Veysey alcohol while Veysey was a patron at Mauriello's bar. The plaintiffs allege in count five that Mauriello's wanton and reckless conduct caused the accident.
Mauriello moved to strike count four on the ground that under Connecticut law there is no cause of action for negligence in serving alcohol to an intoxicated person. Pursuant to Practice Book 155, Mauriello filed a supporting memorandum of law. The plaintiffs have filed no opposing memorandum. CT Page 9241
The purpose of a motion to strike is "to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). The trial judge "must construe the facts most favorably to the [non-moving party]." Id.
If the adverse party opposes the motion to strike, she must file a memorandum of law "at least five days before the date the motion is to be considered on the short calendar." Practice Book 155. "Although a timely memorandum is required, the failure to so file it can be waived by the trial court." Fitzpatrick v. East Hartford B.P.O. Elks, 3 Conn. L. Rptr. 209, 210 (January 25, 1991, Clark, J.).
"At common law there is no cause of action based upon negligence in selling alcohol to adults who are known to be intoxicated." Quinnett v. Newman, 213 Conn. 343, 345, 568 A.2d 786
(1990). The reason for this rule is "that the proximate cause of the intoxication was not the sale or furnishing of the liquor but the consumption of it by the purchaser. . . ." Riggott v. Bartlett,8 Conn. L. Rptr. 609, 611 (April 20, 1993, Dunn, J.), quoting Kowal v. Hofher, 181 Conn. 355, 357, 436 A.2d 1 (1980). Furthermore, no cause of action based on negligence exists in these situations because the legislature has "filled this field through the enactment of General Statutes 30-102." Quinnett v. Newman, supra, 344.
In the present case, the plaintiffs have alleged in count four that the accident was caused by Mauriello's negligence in selling alcohol to Veysey. The plaintiffs have not filed a memorandum in opposition to the motion to strike. The court may grant the motion to strike on the procedural ground that the plaintiffs have failed to comply with Practice Book 155 since they did not file a memorandum in opposition to the motion to strike. Furthermore, even if the court waives the requirement of the opposing memorandum, Mauriello's motion to strike should be granted on the ground that there is no cause of action based on negligence in selling alcohol to intoxicated persons.
For the foregoing reasons, the motion to strike is granted.
Howard F. Zoarski, Judge CT Page 9242