[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Issue
Whether the defendant's motion to strike the plaintiffs' complaint should be granted.
Facts
By a four-count complaint filed August 31, 1993, the plaintiffs, Kimberly Hollowell and Elsie Pugh, individually and as executrix of the estate of Stephen C. Pugh, bring this action against the defendant, Kevin Wynne. The plaintiffs seek damages resulting from the alleged reckless misconduct of the defendant in the furnishing of alcoholic beverages.
The plaintiffs allege the following facts. On September 14, 1991, the defendant hosted a party in Cromwell, CT Page 6612 Connecticut. The defendant provided Marcus Pullan ("Pullan"), an invited guest at the party, alcoholic beverages throughout the night and into the morning of September 15, 1991. Over a period of approximately five hours, the defendant noticed him consume alcoholic beverages. At the time the defendant provided Pullan with alcoholic beverages, the defendant knew or should have known that Pullan would most likely attempt to drive his vehicle back to his home in Noank, Connecticut. The defendant knew or should have known that if Pullan were permitted to consume the amount of alcohol that he did and was then permitted to drive, that Pullan would pose a hazard to himself and to others.
In the early hours of September 15, 1991, Pullan left the party in a state of intoxication and drove his vehicle eastbound on Interstate 95. At approximately, 1:20 a.m., the plaintiff's decedent, Stephen C. Pugh, was operating his vehicle eastbound on Interstate 95. The plaintiffs Elsie Pugh and Kimberly Hollowell were passengers in the Pugh vehicle. Shortly thereafter, Stephen C. Pugh drove his car onto the shoulder of the highway and alighted from his vehicle to assist Kimberly Hollowell, who was ill. Stephen C. Pugh and his vehicle were then struck by the vehicle operated by Pullan. As a result of the collision, Stephen C. Pugh died and the plaintiffs suffered numerous injuries.
Count one of the plaintiffs' complaint seeks recovery for the injuries and death of Stephen C. Pugh. In count two of the plaintiffs' complaint, Elsie Pugh, wife of the decedent, seeks damages for loss of consortium. In count three of the plaintiffs' complaint, Elsie Pugh seeks damages for bystander emotional distress. In count four of the plaintiffs' complaint, Kimberly Hollowell seeks damages for injuries and bystander emotional distress.
On November 22, 1993, the defendant filed a motion to strike the plaintiffs' complaint and an accompanying memorandum of law. On December 15, 1993, the plaintiffs filed a memorandum of law in opposition to the defendant's motion to strike.
Discussion
Pursuant to Practice Book § 152, a motion to strike maybe brought to test the legal sufficiency of a complaint or any of CT Page 6613 its counts. Pratt v. Town of Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993). In ruling on a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). This includes the facts necessarily implied and fairly provable under the allegations but does not include the legal conclusions or opinions stated in the complaint. Westport BankTrust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495,605 A.2d 862 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted.) Id., 496. The defendant argues that in each count of the plaintiffs' complaint, the plaintiffs' have failed to allege facts sufficient to state a cause of action for reckless misconduct in the furnishing of alcoholic beverages. Thus, the defendant argues that his motion to strike the plaintiffs, complaint should be granted.
The plaintiffs argue that the allegations in their complaint are sufficient to state a cause of action for reckless misconduct in the furnishing of alcoholic beverages and that therefore the defendant's motion to strike should be denied.
A cause of action for reckless misconduct in relation to' the service of alcohol exists at common law. Kowal v. Hofher,181 Conn. 355, 360-61 436 A.2d 1 (1980).
 The Connecticut Supreme Court has stated that "willful," "wanton," or "reckless," conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. Furthermore, the state of mind amounting to recklessness maybe inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness.
(Internal quotation marks omitted.) Coble v. Maloney,2 Conn. L. Rptr. 751, 752 (November 16, 1990, McWeeny, J.), citingDubay v. Irish, 207 Conn. 518, 532-33, 542 A.2d 711 (1988). "The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co., CT Page 66144 Conn. App. 39, 46, 492 A.2d 219 (1985). The plaintiffs allege the following in each count of their complaint to support their claim for reckless misconduct:
 4. The defendant, Kevin Wynne, provided his guests with alcoholic beverages.
 5. At approximately 7:50 p. m. on September 14, 1991, Marcus Pullan, an invited guest, arrived at the Woodland Heights Condominium Complex to attend the party.
 6. Over a period of approximately five hours, the defendant, Kevin Wynne, noticed Marcus Pullan consume alcoholic beverages.
 7. At the time the defendant provided Marcus Pullan with alcoholic beverages, Kevin Wynne knew, or should have known, that Marcus Pullan had driven his pickup truck to the party and most likely would attempt to drive the truck back to his home in Noank, Connecticut after leaving the party.
 8. The defendant also knew, or should have known, that if Marcus Pullan was permitted to consume the amount of alcoholic beverages he did, and then attempt to drive from Cromwell to Noank, Marcus Pullan would be a hazard to himself and to others.
 9. In the early hours of September 15, 1991, Marcus Pullan left the party in a state of intoxication and attempted to operate his Chevrolet pickup truck eastbound on the Connecticut Turnpike, I-95.
In Stebbins v. Staschke, 3 CSCR 421 (March 21, 1988, Reynolds, J.), the court found that the following allegations were insufficient to support a claim for willful and wanton misconduct:
 [P]laintiff alleges that defendants engaged in wanton and wilful misconduct in: 1) continuing to serve alcoholic beverages to plaintiff when they knew or should have known she was likely to operate a motor vehicle on her departure from the premises; CT Page 6615 2) permitting plaintiff to leave the premises in an intoxicated condition when they knew or should have known that she would be operating her automobile on a dangerous road, and 3) permitting plaintiff to leave the premises in disregard of public policy as expressed in Conn. General Statutes § 14-227a.
In Coble v. Maloney, supra, 752, however, the court held that the following allegations were sufficient to support a claim for willful, wanton and reckless misconduct:
 13. The collision and the plaintiff's injuries and losses were the result of the willful, wanton and reckless conduct of the defendants, or their servants, agents or employees, in that they served alcoholic liquor to an obviously intoxicated individual, the defendant Brian P. Maloney, when they knew, or should have known that the said defendant would be driving a motor vehicle when he left The Pub Cafe and would be likely to cause injury to others.
The court in Coble distinguished Stebbins, stating that "[t]he plaintiffs in Stebbins did not allege in the count for wanton and willful misconduct that the defendants served alcohol to an obviously intoxicated individual." Id. The court in Coble
noted that the allegations before it were factually similar to those in Kirchmeier v. Foshay, 4 CSCR 337 (March 17, 1989, Pickett, J. ), where the court found that the facts alleged by the plaintiff supported a claim for wanton or reckless conduct. Id. The plaintiff in Kirchmeier alleged the following:
 1. The defendants, or their agents, sold, gave and delivered numerous alcoholic beverages to the plaintiff's decedent;
 2. The defendants allowed the plaintiff's decedent to consume those drinks and become intoxicated;
 3. The defendants or their agents, allowed the plaintiff's decedent to walk out of the establishment even though he was so affected he was disoriented and unable to walk properly, and;
4. The defendants knew or should have known that CT Page 6616 the plaintiff's decedent would be walking on a public highway.
Kirchmeier v. Foshay, supra, 337.
In the present case, the plaintiffs allege neither that the defendant was "obviously intoxicated," nor do they allege facts which would support such an inference. The court finds that without such allegations, the plaintiffs' complaint is insufficient to support a cause of action for reckless misconduct. See Stebbins v. Staschke, supra; see also Shift v. My Brother'sPlace Ltd., 8 Conn. L. Rptr. 424, 426 (March 8, 1993, Higgins, J.);Muckle v. Francis, 7 Conn. L. Rptr. 230, 233 (August 13, 1992, Leuba, J.).
Accordingly, because the allegations in the plaintiffs' complaint are insufficient to support a cause of action for reckless misconduct, the defendant's motion to strike the plaintiffs' complaint is hereby granted.
Hurley, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 6623