[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE COUNT TWO
The defendant moves to strike the second count of the plaintiff's complaint which essentially alleges that the defendants were "grossly negligent, reckless and wanton" in serving alcoholic beverages to an intoxicated individual, "when they knew or should have known that his senses and faculties were so impaired that he would not be able to act in a reasonably prudent manner toward others."
The defendant claims that such allegations are insufficient to state a cause of action absent the statement of the actual facts to support the claim that the defendants knowingly served an intoxicated person. CT Page 9202
Allegations of reckless and wanton misconduct in the context of liquor liability are sufficient to state a cause of action.Kowal v. Hofher, 181 Conn. 355, 362 (1980). To date, the Supreme Court has not adopted a holding which would result in such liability in cases alleging simple negligence. See Quinnett v.Newman, 213 Conn. 343 (1990).
Based upon the present state of the law, the second count of the plaintiff's complaint should be allowed to stand. The allegations of that count are sufficient to present to the trier of fact evidence of reckless or wanton conduct in an attempt to prove a case under Kowal in conjunction with proper jury instructions from the court as to what is necessary to state such a cause of action under the law as it exists at the time of trial. In the opinion of the court, the defendants' claim as to the absence of specific factual allegations goes more to the question of what evidence will be required in order to submit the second count to the jury, or trier, than to the sufficiency of the allegations themselves so as to withstand a motion to strike.
The motion to strike is therefore denied.
Thompson, J.