[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Facts
On November 10, 1994, the plaintiff filed a four count second revised complaint against the defendants, West Hartford Board of Education ("Board") and the Town of West Hartford ("Town"), claiming damages for injuries sustained when another student assaulted Moreno while he waited for the school bus. In counts one and three, the plaintiffs allege intentional conduct CT Page 111-A by the Board and the Town, respectively. In counts two and four, the plaintiffs allege negligence of the Board and the Town, respectively.
In counts three and four, the plaintiff claims that the Town of West Hartford is liable for damages to the plaintiff pursuant to Connecticut General Statutes § 52-557n,[.][1]
The defendants filed a motion to strike counts one through four of the second revised complaint, arguing that the allegations in the plaintiffs' complaint aver discretionary governmental duties and therefore cannot form the basis for a recovery for individual injury. Additionally, the defendants assert that the plaintiffs have failed to support a claim of intentional conduct against either defendant, and therefore those allegations must fail as a matter of law." Defendants' Motion to Strike.
The plaintiffs filed an objection to the motion to strike.
Discussion
CT Page 111-B
 I.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . . to state a claim upon which relief can be granted.'"Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 398 (1985).
"The [common law] doctrines that determine the tort liability of municipal employees are well established." Burnsv. Board of Education, 228 Conn. 640, 645, 638 A.2d 1 (1994). Although historically "[a] municipality itself was generally immune from liability for its tortious acts at common law. . . . [municipal] employees faced the same personal tort liability as CT Page 111-C private individuals." (Citations omitted; internal quotation marks omitted.) Mulligan v. Rioux, 229 Conn. 716, 727,643 A.2d 1226 (1994). "Over the years, however, [t]he doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees." Id.
"[A] municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts." Id.
 [There are] three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstance make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . . second, where a statute specifically provides for a cause of action against a municipality or a municipal officer for failure to enforce certain laws . . . . and third, where CT Page 111-D the alleged acts involve malice, wantonness or intent to injure rather than negligence.
Evon v. Andrews, 211 Conn. 501, 505, 559 A.2d 1151 (1989).
Although the Supreme Court has "approved the practice of deciding the issue of governmental immunity as a matter of law" in certain situations; Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 165, 544 A.2d 1185 (1988); generally, whether an act is discretionary or ministerial is a question of fact.Gauvin v. New Haven, 187 Conn. 180, 186, 445 A.2d 1 (1982). "The determination of whether a municipal government's supervision of its employees is a governmental or ministerial act is a question of fact which cannot properly be decided on a motion to strike." Little v. Booth, 10 Conn. L. Rptr. 290, 292 (October 28, 1993, Dunn, J.). Cf. Arvoy v. Stamford,2 Conn. L. Rptr. 317, 319 (August 21, 1990, Lewis, J.) (considering facts present and lacking in affidavits to determine that duties were discretionary as a matter of law on a motion for summary judgment.)
In the present case, a variety of duties of the Board CT Page 111-E and duties of the employees of the Board are listed in the plaintiffs' complaint, therefore, the plaintiff should be allowed an opportunity at trial to try and establish that some or all of these duties are ministerial. Questions of fact should be determined by the trier of fact. Accordingly, the defendants' motion to strike counts two and four of the plaintiffs' second revised complaint is denied.
The defendants argue in their memorandum that the plaintiff does not fall within the "foreseeable victim/imminent harm" exception to immunity. The defendants argue that "this was a spontaneous activity that took place between two students without any forewarning." Defendant's memorandum in support of motion to strike, p. 10. This argument that the Board's supervision had nothing to do with the plaintiff's injuries "is a question for the trier of fact, and as such, cannot be resolved in the context of ruling on a motion to strike." Stowers v.Arrington, 9 CSCR 1141, 1142 (November 7, 1994, Maiocco, J.). See also, Burns v. Board of Education, supra, 228 Conn. 644
(holding that the "foreseeable victim" exception to immunity applies to students who fell on ice due to allegedly improper CT Page 111-F school maintenance); Kimball v. Gallant, 11 Conn. L. Rptr. 286, 287 (March 16, 1994, Berger, J.) (holding that whether the circumstances "were such that the defendants' failure to act subject the plaintiff to imminent harm is a factual determination that should be left for the jury"). The defendants' motion to strike counts two and four of the plaintiffs' second revised complaint is denied.
The defendants have also argued that counts one and three should be stricken for failure to support a claim of intentional conduct. The allegations supporting the negligence counts are identical to the allegations supporting the intentional conduct counts. "Wanton misconduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action." Olson v. Tompkins,4 Conn. L. Rptr. 786, 787 (August 28, 1991, Pickett, J.), quotingKowal v. Hofher, 181 Conn. 355, 362, 436 A.2d 1 (1980). Because the plaintiffs have not alleged facts sufficient to support a claim of intentional conduct, the defendants' motion to strike counts one and three is granted. CT Page 111-G
ROBERT F. STENGEL JUDGE, SUPERIOR COURT