[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR REARGUMENT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#121)
Plaintiff has filed a personal injury motor vehicle accident complaint, in four counts, against the defendant inn and one Charles D. Tomer. She alleges that Gerald F. Kurac (Kurac) was an employee of defendants when he was served numerous alcoholic beverages to the point where he became intoxicated. After leaving defendants' place of business and operating his automobile, Kurac collided head-on with the plaintiff. The plaintiff seeks damages pursuant to General Statutes §§ 30-102. the dram shop act, in count two.[1] The plaintiff also alleges in counts one and three that the defendants were reckless in serving Kurac numerous drinks to the point of intoxication, yet allowing him to operate his motor vehicle. The plaintiff further alleges in count four that the defendants were negligent in failing to (1) refuse to serve Kurac alcoholic beverages while he was at work; (2) refuse to serve him after he displayed signs of inebriation; (3) warn him of his inebriated state; (4) check him for signs of drunkenness before he left their premises; and (5) procure a ride home for him.
Defendants seek summary judgment on the entire complaint on the ground that there is no disputed issue of material fact, and that they did not owe the plaintiff any common law duty. Specifically, the defendants argue as to the reckless causes of action in counts one and three that they had no notice that Kurac was consuming alcohol while at work. The defendants also argue that the plaintiff cannot maintain a cause of action under the dram shop act as pleaded in count two because the defendants did not "sell" alcohol to Kurac. Finally, the defendants argue that CT Page 14723 the plaintiffs negligence claims in count four are prohibited by law.
The court rendered a decision earlier, Autore v.Kimberly Inn, Inc., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 331085 (July 16, 1998) (Nadeau, J.) (22 CONN. L. RPTR. 423), and has granted re-argument on defendants' motion.
 A. Statutory Cause of Action — Dram Shop Act
"[V]iewing the statute as essentially remedial and consequently giving it a liberal construction, we can assume that the legislature, by its use of the word `sell' in [the Dram Shop Act] . . . meant `purvey' or `furnish' rather than a sale in the strict sense of the term. Any other construction would have rendered the statute nugatory as applied to taverns and restaurants, because prior to the passage in 1951 of 2859d of the 1955 Cumulative Supplement the dispensing of food or drink in a restaurant for consumption on the premises was a service, not a sale . . . The purveying or furnishing of intoxicants to be consumed on the premises would not have constituted a sale in the technical sense." (Citation omitted.) Pierce v. Albanese,144 Conn. 241, 258-59, 129 A.2d 606, appeal dismissed, 355 U.S. 15,78 S.Ct. 36, 2 L.Ed.2d 21 (1957). The defendants contend that this language quoted by this court in its earlier decision at 22 CONN. L. RPTR. 423-24 expands Pierce beyond the situations to which it was meant to apply, on the ground that Pierce assumes that the tortfeasor paid for the alcohol furnished or purveyed.
In support of the motion for summary judgment, the defendants submitted the affidavit of Charles Tomer, in which he avers that before and during 1995 it was customary to permit employees, upon completion of their work shift, to have a free drink. (Affidavit of Charles Tomer, ¶ 8). Tomer, working the bar the evening of the accident, saw Kurac receive a drink from another bartender. (¶¶ 10, 12). Tomer described the custom as one of providing a free drink as employees finished their work shift. The bestowing of the free drink might be deemed to raise an issue as to whether it should or could be considered a part of an employee's compensation. Based upon the evidence, the court reaffirms its earlier conclusion that when liberally construing the dram shop act so as to effectuate its remedial purpose, the custom of supplying Kurac and other employees with a free drink, to be CT Page 14724 consumed on the premises, may qualify as a "sale" of alcohol. Whether the defendants furnished alcohol to Kurac "for a price" by making it a custom of providing drinks to employees after their shifts provides a possible contest of economic exchange or quid pro quo which raises, as suggested, a question of material fact sufficient to defeat the defendants' motion for summary judgment as to count two.
B. Common Law Claim-Reckless and Wanton Service of Alcohol
In considering "whether . . . policy considerations which might justify protecting both a vendor and a social host from common-law liability for the injurious consequences of negligent conduct in the sale or serving of alcoholic beverages to another also apply when the conduct constitutes wanton and reckless misconduct." our Supreme Court held "that they do not."Kowal v. Hofher, 181 Conn. 355, 360-61, 436 A.2d 1
(1980). See, also, Boehm v. Kish, 201 Conn. 385, 390,517 A.2d 624 (1986). Accordingly, this court reaffirms its prior ruling at 22 CONN. L. RPTR. 424 that the defendants' motion for summary judgment as to counts one and three is denied, as the plaintiff may bring a reckless service of alcohol cause of action.[2]
As to count four, the defendants are correct that it sounds in negligence, which was not accurately recognized by this court in its prior decision. To the extent that the plaintiff is attempting to bring a negligent service of alcohol claim in count four, the defendants' position that no such cause of action exists is correct. Also barred is the plaintiff's related allegation that the defendants were negligent in failing to call a cab for Kurac. See, Hussein v. 540 Corp. , Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 147252 (January 16, 1998) (D'Andrea, J.), where the court considered a similar claim of the defendant's failure to call a cab for a patron who had been drinking at the defendant's place of business. The court in Hussein held that such a claim was akin to a negligent service of alcohol claim, and therefore barred by the rule in Boehm v. Kish, supra,201 Conn. 389. Accord Bioski v. Castelano, Superior Court, Judicial District of Waterbury, Docket No. 115265 (March 21, 1995) (Flynn. J.) (14 CONN. L. RPTR. 346, 347-48).
To the extent that the court failed to explicitly articulate that the allegations in the fourth count are not recognizable CT Page 14725 causes of action, it does so now, and grants the defendants' motion for summary judgment as to count four pursuant to Boehm v.Kish, supra, 201 Conn. 289.
THE COURT
NADEAU, J.