[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 103)
This matter comes to the court's attention on defendants' motion to strike counts two and three of a complaint which sounds in violation of the Dram Shop Act and negligence. Defendants' motion to strike is not directed to counts one, four and five.
In count two the plaintiff merely adopts by reference most of the factual allegations contained in count one which alleges a cause of action under the Dram Shop Act. These allegations essentially state that the defendants served a patron intoxicating liquors while he was already intoxicated and such CT Page 4942 patron assaulted the plaintiff. In count two the plaintiff adds to this the conclusory language that the service of such alcoholic beverage constituted ". . . gross negligence and/or recklesness [sic] misconduct and/or intentional misconduct. . . ." Willful/intentional/reckless misconduct is something more than mere negligence or gross negligence and will support a claim such as this apart from a claim under the Dram Shop Act.Kowal v. Hofher, 181 Conn. 355, 360-361 (1980). That case also suggests that there is a meaningful distinction between merely negligent conduct and willful or wanton conduct which when distinguishable will support a claim based on negligence. Id. However, such cases require allegations of fact-not conclusions to illustrate that distinction. What the plaintiff did in count two is merely reiterate the facts necessary to support a Dram Shop claim and characterize such conduct as reckless and/or intentional misconduct. Consequently, since plaintiff has failed to factually distinguish her statutory claim from a claim of intentional/wanton conduct, defendants' motion to strike should be and is hereby GRANTED.
With regard to the count three, that count clearly alleges a claim predicated on negligent lack of supervision on the part of the proprietors of the café and is sufficiently distinguished from a claim of simple negligence in the service of intoxicating liquor. This is a claim that is recognized under our law.Lowthert v. Loyal Order of Moose of Stamford, Lodge 940, Inc.,147 Conn. 529, 533 (19 ). Although the claim of negligence may be awkwardly drawn, it nevertheless gives reasonable notice to the defendant of the gravamen of plaintiff's claim. Accordingly, defendants' motion to strike count three is hereby DENIED.
MELVILLE, J.