[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #107
The plaintiff, James Vichiola, brings this action to recover damages for personal injuries allegedly sustained when the motorcycle he was operating struck an above-surface manhole cover. Named as defendants are Peter Aitken, Black Duck Corporation ("Black Duck"), Robert Christenson and B.C. Mac's, Inc. ("B.C. Mac"). Aitken and Black Duck are, respectively, the permittee and backer of "Bleachers Sports Bar," located in Bridgeport. Christenson and B.C. Mac are, respectively, the permittee and backer of "Masters Sports Cafe," located in Westport.
In a four-count complaint the plaintiff alleges that on October 4, 1992, at approximately 3:30 p. m., he was served alcoholic beverages by agents or employees of Masters Sports Cafe. The plaintiff alleges that at this time, he was in an intoxicated condition. The plaintiff further alleges that on this date, at approximately 5:00 p. m., he was served alcoholic beverages by CT Page 7033 agents or employees of Bleachers Sports Bar, despite the fact that he was in an intoxicated condition.
In the first count of his complaint, the plaintiff asserts a cause of action against Christenson and B.C. Mac pursuant to General Statutes § 30-102 ("the Dram Shop Act"). In the second count, the plaintiff alleges that Christenson and B.C. Mac, through their agents and employees, acted in a wilful, wanton and reckless manner in that they served alcoholic beverages to the plaintiff while he was in an intoxicated state. In the third count, the plaintiff asserts a cause of action against Aitken and Black Duck pursuant to General Statutes § 30-102. In the fourth count, the plaintiff alleges that Aitken and Black Duck, through their agents and employees, acted in a wilful, wanton and reckless manner in that they served alcoholic beverages to the plaintiff while he was in an intoxicated state.
Christenson and B.C. Mac ("defendants") filed an answer and two special defenses. In the first special defense, the defendants allege that the plaintiff failed to comply with the notice requirements of § 30-102. In the second special defense, the defendants allege that the plaintiff's claims are barred due to the plaintiff's own reckless behavior in operating a motor vehicle while under the influence of alcohol. The plaintiff filed a reply to the special defenses.
On April 7, 1994, the defendants filed a motion for summary judgment (#107), along with a supporting memorandum of law. The defendants move for summary judgment on the first count of the plaintiff's complaint on the ground that the plaintiff, as both the intoxicated party and the injured party, cannot assert a cause of action against the defendants pursuant to the Dram Shop Act, General Statutes § 30-102. The defendants move for summary judgment on the second count on the ground that there is no cause of action under the theories of negligence or recklessness "where one injures himself as a consequence of intoxication." Aitken and Black Duck are not parties to this motion.
Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644, 650 (1991). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party CT Page 7034 opposing the motion. Mingachos v. CBS, Inc., 196 Conn. 91, 111
(1985). The test is whether a party would be entitled to a directed verdict on the same facts. Connell v. Colwell, 214 Conn. 242,247 (1990).
A. First Count
In moving for summary judgment on the first count of the plaintiff's complaint, the defendants argue that the plaintiff cannot bring a cause of action pursuant to § 30-102 because the plaintiff, as the "intoxicated person" who was allegedly served alcoholic beverages by the defendants, cannot be "another person" who has suffered an injury as a result of the actions of the "intoxicated person."
In the present case, the defendants are attempting to test the legal sufficiency of the first count of the plaintiff's complaint byway of the instant motion for summary judgment. Generally, "[a] challenge to the legal sufficiency of a complaint, through a motion to strike, must be pleaded and ruled on before the defendant files an answer to the plaintiff's complaint." Burke v. Avitabile,32 Conn. App. 765, 769 (1993). However, in Boucher Agency v. Zimmer,160 Conn. 404 (1971), the court ruled that a motion for summary judgment may be used to test the legal sufficiency of a complaint where "the parties are at issue on an answer filed . . . ." (Emphasis added.) Id., 409. In applying Boucher to the present case, a motion for summary judgment may be used to challenge the legal sufficiency of a complaint after the filing of an answer only "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. Since the defendants have filed an answer, they may use a motion for summary judgment to test the legal sufficiency of the first count of the plaintiff's complaint.
General Statutes § 30-102 provides in pertinent part that "[i]f any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay to the person injured . . . ." (Emphasis added.) Section 30-102 was enacted by the legislature to allow "some measure of recovery to victims of acts of intoxicated persons."Kelly v. Figueiredo, 223 Conn. 31, 38 (1992).
By its express terms, the [Dram Shop] Act CT Page 7035 authorizes a recovery, where its conditions are fulfilled, by one injured in person or property as a consequence of the intoxication of another person to whom intoxicating liquor has been sold while he was intoxicated, but it clearly does not authorize recovery for injuries or property damage sustained by the, intoxicated purchaser himself.
(Emphasis added) Nolan v. Morelli, 154 Conn. 432, 436 (1967).
The plaintiff, as the intoxicated purchaser, cannot assert a claim against the defendants for his injuries pursuant to General Statutes § 30-102. Since the plaintiff cannot assert such a claim, there can be no genuine issues of material fact which would prevent the court from disposing of the plaintiff's claim by way of a motion for summary judgment. The motion for summary judgment is "designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried." Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 379 (1989). Accordingly, the court will grant the defendants' motion for summary judgment on the first count of the plaintiff's complaint.
B. Second Count:
In support of their motion for summary judgment on the second count of the plaintiff's complaint, the defendants argue that the plaintiff cannot prevail on a common law reckless misconduct claim because the common law does not allow for the recovery of damages where the plaintiff injures himself due to his voluntary consumption of alcoholic beverages.
In Kowal v. Hofher, 181 Conn. 355, 436 (1980), the court held that a vendor may be liable for his or her wanton and reckless misconduct in the sale or serving of alcoholic beverages to another. Id., 360-61. "This conclusion is based primarily on the notion that one ought to be required, as a matter of policy, to bear a greater responsibility for consequences resulting from his act when his conduct is reckless or wanton than when his conduct is merely negligent." Id., 361. In Boehm v. Kish, 201 Conn. 385
(1986), the plaintiff brought an action for reckless conduct against the defendant tavern owner and his employee. Id., 387. The plaintiff alleged that he was involved in a one car accident after leaving the defendants' bar, and that the defendants were reckless in that they had served him alcoholic beverages while he was CT Page 7036 already in an intoxicated condition. Id. The trial court directed a verdict in favor of the defendants on the ground that there was not sufficient evidence presented by the plaintiff to explain the cause of the accident. Id., 388. In affirming the decision of the trial court, the supreme court held that while the plaintiff is not precluded as a matter of law from asserting a recklessness claim, the plaintiff must establish a proximate, causal connection between his injuries and the defendants' alleged reckless misconduct. Id., 390. In so ruling, the court noted that "the evidence at most supports an inference that an accident has followed an inebriation, not that one was produced by the other." Id., 393.
Based on Kowal and Boehm, the plaintiff may assert a common law recklessness action against the defendants. The court cannot make a ruling with respect to whether the plaintiff's accident merely followed an inebriation, or whether the defendants' alleged recklessness in serving alcoholic beverages to the plaintiff while he was in an intoxicated condition was the proximate cause of the plaintiff's injuries, as neither party has submitted any evidence with respect to this motion.
In the present case, a genuine issue of material fact exists with respect to the issue of causation. Therefore, the court must deny the defendants' motion for summary judgment with respect to the second count of the plaintiff's complaint.