[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE DATEDFEBRUARY 10, 1995.
ISSUE
Whether the court should grant the defendant's motion to strike first and second counts of the complaint?
FACTS
The plaintiff, Beverly Ventura, commenced this action against the defendant, Veterans of Foreign Wars No. 269, Inc., to recover damages for personal injuries allegedly sustained as the result of a motor vehicle accident. The plaintiff alleges that she was involved in a head on motor vehicle collision with a motor vehicle driven by David Nelson, who was allegedly intoxicated at the time. The plaintiff also alleges that the defendant sold Nelson alcoholic liquor while he was intoxicated and while he was a patron at the CT Page 4644 defendant's establishment. The plaintiff's three count complaint seeks damages for claims based on General Statutes Sec. 30-102
(Connecticut's Dram Shop Act), negligence, and recklessness.
The defendant now moves to strike the first and second counts of the complaint. The defendant argues that the first count should be stricken because it is barred by the one year statute of limitations contained in General Statutes Sec. 30-102. The defendant argues that the second count also should be stricken because Connecticut does not recognize a common law negligence action for the sale of alcohol to one who thereafter injures another by reason of their intoxication. In support of its motion, the defendant filed a memorandum of law. The plaintiff filed a memorandum of law in opposition to this motion.
DISCUSSION
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book Sec. 152; Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). On a motion to strike, "all facts well pleaded and those facts necessarily implied from the allegations are taken as admitted." Amodio v.Cunningham, 182 Conn. 80, 82-83, 438 A.2d 6 (1980). Additionally, "the court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). If the facts provable under the allegations would support a cause of action, the motion to strike must fail.Ferryman v. Groton, supra, 212 Conn. 142.
FIRST COUNT:
"A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." (Citations omitted.) Forbes v. Ballaro,31 Conn. App. 235, 239, 624 A.2d 389 (1993). However, "[i]n two limited situations. . . [the court] will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when `[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer. . . . The second is where `a statute gives a right of CT Page 4645 action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." (Citations omitted.). Id.
The first exception to the general rule is not applicable in this case since there is no indication that the parties have agreed that the complaint sets forth all the facts pertinent to the statute of limitations issue. The second exception, however, does apply to this action. "General Statutes 30-102 created a new cause of action not available at common law." Belanger v. Village Pub I,Inc., 26 Conn. App. 509, 512, 603 A.2d 1173 (1992), citing Piercev. Albanese, 144 Conn. 241, 249, 129 A.2d 606, appeal dismissed,355 U.S. 15, 78 S.Ct. 36, 2 L.Ed.2d 21 (1957). The Dram Shop Act specifically provides that "[n]o action under the provisions of this section shall be brought but within one year from the date of the act or omission complained of." General Statutes Sec. 30-102. As such, the Dram Shop Act "fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." Forbes v. Ballaro, supra, 31 Conn. App. 239.
In this case, the act or omission complained of in the plaintiff's complaint occurred on November 18, 1993. Service of process on the defendant did not occur until November 23, 1994, and the writ, summons and complaint were not filed until November 25, 1994. Therefore, the action was not commenced within the one year requirement, and the defendant's motion to strike the first count of the complaint is granted.
SECOND COUNT:
"At common law there is no cause of action based upon negligence in selling alcohol to adults who are known to be intoxicated." Quinett v. Newman, 213 Conn. 343, 345, 566 A.2d 786
(1990). "While such acts may constitute the breach of a duty owed to others, the cause of action in a variety of factual settings has uniformly failed for the reason that the subsequent injury has been held to have been proximately caused by the intervening act of the immoderate consumer whose voluntary and imprudent consumption of the beverage brings about intoxication and subsequent injury." (Citations and internal quotations omitted.) Id., 345-46. A limited exception to this proposition provides that the general CT Page 4646 rule "does not insulate one who provides alcohol to minors from liability for ensuing injury." Ely v. Murphy, 207 Conn. 88, 92-93,540 A.2d 54 (1988).
The second count of the complaint alleges that the collision and the plaintiff's injuries were in consequence of the defendant's negligence in serving Nelson while he was intoxicated. The complaint does not allege that Nelson was a minor. Under the long line of precedent established by the Connecticut Supreme Court; seeQuinnett v. Newman, supra, 213 Conn. 346 (and cases cited therein); the plaintiff cannot maintain such a cause of action.
The plaintiff, however, relies on a recent Connecticut Superior Court decision holding that the Connecticut Supreme Court would no longer continue to recognize such a limitation on the common law. Henderson v. Dolan, 13 CONN. L. RPTR. 504, 1 Conn. Ops. 297 (1995) (Hodgson, J.). In Henderson, the court stated:
 In view of the Supreme Court's recent decisions finding that the issue of proximate cause is a matter of fact, not of law, and in view of the court's clear finding in Kowal [v. Hofher, 181 Conn. 355, 436 A.2d 1 (1980)] that a limitation on negligence actions against purveyors of alcohol is not compelled by the dram shop act but by judicial determinations of the common law, it is this court's conclusion that the Supreme Court would not continue to recognize for the benefit of those alleged to have sold alcohol to intoxicated people known to be about to drive vehicles a limitation on the common law that it has denied to defendants in other contexts involving claimed superseding or intervening cause.
Id., 298. Therefore, the court denied a motion to strike a count similar to the one presently before the court.
This court cannot follow the holding of Henderson v. Dolan, supra, for three reasons. First, under the doctrine of stare decisis, there is no question that "a decision of the [Connecticut Supreme Court] is a controlling precedent until overruled or qualified." White v. Burns, 213 Conn. 307, 335, 567 A.2d 1195
(1990). "Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction. It is not their function to attempt to overrule decisions of a higher court." CT Page 4647State v. Satti, 38 Conn. Sup. 552, 560 (App. Sess. 1982) (Bieluch, J., dissenting). Whether a Supreme Court holding should be reevaluated or discarded is not for the Superior Court to decide. See Brunswick v. Inland Wetlands Commission, 25 Conn. App. 543,553, 596 A.2d 463 (1991). The Connecticut Supreme Court has repeatedly held that "[a]t common law there is no cause of action based upon negligence in selling alcohol to adults who are known to be intoxicated." Quinett v. Newman, supra, 213 Conn. 345 (and cases cited therein). This decision has not been overruled, and as such is the law of the State of Connecticut.
Second, the court in Henderson v. Dolan relied on the fact that in decisions subsequent to Quinnett, the Connecticut Supreme Court has treated the issue of proximate cause as one for the trier of fact. Henderson v. Dolan, supra, 297, citing Wasfi v. Chadda,218 Conn. 200, 218, 588 A.2d 200 (1991). However, the Connecticut Supreme Court recognized long before Quinnett that the issue of proximate cause may be an issue of fact for the trier. Trzcinskiv. Richey, 190 Conn. 285, 295, 460 A.2d 1269 (1983); Tetro v.Stratford, 189 Conn. 601, 605, 458 A.2d 5 (1983); Coburn v. LenoxHomes, 186 Conn. 370, 383, 441 A.2d 200; Merhi v. Becker, 164 Conn. 516,521, 325 A.2d 270 (1973); Monroe v. Hartford Street Ry. Co.,76 Conn. 201, 208, 56 A. 498 (1903). In Trzcinski v. Richey, supra, the court stated "[t]he issue of proximate causation is ordinarily a question of fact for the trier. . . It becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion." (Citations and internal quotation marks omitted.) Id. This court must necessarily presume that the Supreme Court was aware of its prior holdings on the issue of proximate cause when it reached its decision in Quinnett. Since the Supreme Court's decisions after Quinnett interpreting proximate cause as an issue of fact do not reflect a change in Connecticut common law, a conclusion that the court's holding in Quinnett is no longer the common law of Connecticut is not warranted.
Finally, the court in Henderson attached great weight to apparent inconsistencies between the Supreme Court's holding inKowal v. Hofher, supra, 181 Conn. 355, and the later holding inQuinnett. In Kowal, the court stated that the limitation on negligence actions is not compelled by the Dram Shop Act, but by judicial determinations of the common law. Kowal v. Hofher, supra, 358-59. In Quinnett, however, the court stated that the question "was whether this court can intrude where the legislature has so clearly chosen to act. To the extent that the General Assembly sees fit to articulate public policy through specific legislation, CT Page 4648 we are bound to honor the means by which it addressed the policy issue in question." Quinnett v. Newman, supra, 347, quoted inHenderson v. Dolan, supra, 297. The Supreme Court, however, was aware of its prior decision in Kowal, since it cited to that case in the decision. Quinnett v. Newman, supra, 346. Despite apparent inconsistencies in the approaches used by the court, both decisions concluded that a common law negligence action did not exist in these circumstances. Id., 345-48; Kowal v. Hofher, supra, 357-59. This court is bound by that conclusion despite what might appear to be inconsistent analyses used in the two cases.
The Connecticut Supreme Court may of course, some day overrule its holding in Quinnett and follow the strong dissent of Chief Justice Peters. See, Quinnett v. Newman, supra, 349-54 (Peters, C.J., dissenting). Until the Supreme Court does so, however, this court is bound by the precedent of Quinnett. Therefore, the defendant's motion to strike the second count of the complaint is granted.
For these reasons, the defendant's motion to strike the first and second counts of the complaint is granted.
RICHARD A. WALSH, J.