[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The motion to strike the second and third counts of the plaintiff's complaint in the above-captioned case raises the issue CT Page 10917 of whether a plaintiff who claims to have been injured by a drunken driver may recover in gross negligence and recklessness against an alcohol vendor alleged to have served the driver while he was intoxicated.
FACTUAL BACKGROUND
The plaintiff, Francine D. Gumkowski, alleges that she was injured in a motor vehicle collision on or about May 29, 1993, at approximately 11:05 p. m. when the decedent's motorcycle crossed the center line of Short Beach Road in Branford, Connecticut, and collided with the motor vehicle operated by the plaintiff. The plaintiff claims that on said date and prior to the collision, the decedent, Michael R. Devaney, was a patron of the bar and restaurant known as the U.S.S. Chowder Pot III, Ltd. (hereinafter "Chowder Pot") and was served alcoholic beverages by defendant Mary E. Swift, defendant Chowder Pot's permittee, while he was intoxicated.[1] Finally, the plaintiff alleges that her injuries and losses were in consequence of the defendants' misconduct in serving alcohol to the intoxicated decedent.
The plaintiff's complaint consists of five counts. In the second count, the plaintiff alleges that the collision and her losses and injuries were the result of the gross negligence of the defendants, Chowder Pot and Swift, in that they served the decedent alcoholic beverages and permitted him to operate his motorcycle when he was in an intoxicated condition and when they knew, or should have known, that he was in an intoxicated condition. In the third count, the plaintiff alleges that the defendants willfully, wantonly and recklessly served alcoholic beverages to the decedent while he was intoxicated and permitted him to operate his motorcycle when he was in "an obvious intoxicated condition."
On July 6, 1994, defendants Chowder Pot and Swift filed a motion to strike the second and third counts of the complaint. In support of this motion the defendants filed a memorandum of law along with copies of the plaintiff's complaint and supporting case law. On August 11, 1995, the plaintiff filed an opposing memorandum of law.
LEGAL DISCUSSION
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixCT Page 10918Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 398
(1985). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems v. BOC Group, Inc., supra, 224 Conn. 215.
I. Second Count (Gross Negligence)
The defendants first move to strike the second count of the complaint on the ground that Connecticut does not recognize a common-law cause of action in gross negligence for the service of alcohol. The defendants argue in their memorandum that the fact that the court in Kowal v. Hofher, 181 Conn. 355, 359 n. 3,436 A.2d 1 (1980), declined to address the plaintiff's allegation of gross negligence in reaching its decision, indicates that Connecticut does not recognize such a cause of action. Defendants Memorandum, p. 3, citing Stebbins v. Staschke, 3 CSCR 421 (March 21, 1988, Reynolds, J.) ("It is apparent that the Kowal court did not recognize a cause of action in gross negligence against servers of alcohol."). The defendant concludes that because Connecticut does not recognize a distinction between negligence and gross negligence or a separate cause of action in gross negligence, there is no gross negligence cause of action against a server of alcohol. In their supplemental memorandum, the defendants argue that the plaintiff's reliance on Henderson v. Dolan, 13 Conn. L. Rptr. 504
(February 17, 1995, Hodgson, J.), at oral argument is unavailing in that Henderson is in direct conflict with Supreme Court precedent. Defendants' Supplemental Memorandum, citing Ventura v. Veterans ofForeign Wars No. 269 Inc., 14 Conn. L. Rptr. 226 (May 2, 1995, Walsh, J.) (holding that Superior Courts are bound to follow the Supreme Court precedent, which does not recognize a common law negligence cause of action against the server of alcohol).
"At common law there is no cause of action based on negligence in selling alcohol to adults who are known to be intoxicated. While such acts may constitute the breach of a duty owed to others, the cause of action in a variety of factual settings has uniformly failed for the reason that the subsequent injury has been held to CT Page 10919 have been proximately caused by the intervening act of the immoderate consumer whose voluntary and imprudent consumption of the beverage brings about intoxication and subsequent injury." (Internal quotation marks omitted.) Quinnett v. Newman, 213 Conn. 343,345-46, 568 A.2d 786 (1990). See also Bioski v. Castelano,14 Conn. L. Rptr. 346 (March 21, 1995, Flynn, J.) ("conduct amounting to gross negligence would be subject to the same limitations of proximate cause which have prevented the supreme court from recognizing a cause of action for the negligent furnishing of alcohol").
The plaintiff argues in her opposing memorandum that the court in Kowal seems to recognize a cause of action in gross negligence and merely confined its ruling to the allegations of wanton and reckless conduct. Plaintiff's Memorandum, p. 2-3, citing Jameson v.Royal Equities, Inc., Superior Court, judicial district of Waterbury, Docket No. 059526 (July 16, 1982, Berdon, J.) ("Certainly, gross negligence would also satisfy the Kowal doctrine . . . ."). The plaintiff therefore concludes that the allegations of gross negligence in the complaint satisfy the requirements set forth in Kowal.
Several Superior Court decisions have recognized a cause of action in gross negligence against the server of alcohol. See, e.g., Jameson v. Royal Equities, Inc., supra; Dufficy v. Mohring,10 Conn. L. Rptr. 457 (December 7, 1993, Moraghan, J.) (recognizing a claim for gross negligence); Sumara v. Loyal Order of the Moose,8 Conn. L. Rptr. 230, 231 (January 15, 1993, McWeeny, J.) ("The Second Count of the complaint as it alleges gross negligence is similarly viable."). These decisions seem to be in direct conflict with Supreme Court precedent to the contrary. See Bioski v.Castelano, supra, 14 Conn. L. Rptr. 347 ("whether a supreme court holding should be reevaluated and possibly discarded is not normally a decision for the superior court").
At oral argument the plaintiff relied on Henderson v. Dolan,13 Conn. L. Rptr. 504 (February 17, 1995, Hodgson, J.). The court in Henderson held, despite Connecticut Supreme Court precedent to the contrary, that because the issue of proximate cause is a matter of fact, not law, "the Supreme Court would not continue to recognize" a limitation on negligence actions against a liquor purveyor alleged to have served a patron while he was intoxicated. Id., 505. Therefore, the court denied the defendant's motion to strike a negligence count similar to the one presently before this court. CT Page 10920
The opinion in Henderson was not followed by the court inVentura v. Veterans of Foreign Wars No. 269 Inc.,14 Conn. L. Rptr. 226
(May 2, 1995, Walsh, J.). The court in Ventura held that it could not follow the holding in Henderson for three reasons. Id., 228. First, under the doctrine of stare decisis, courts exercising inferior jurisdiction must accept the law as declared by the Connecticut Supreme Court until it is overruled or qualified. Id., citing White v. Burns, 213 Conn. 307, 335, 567 A.2d 1195 (1990). Second, since the Supreme Court's decisions after Quinnett v.Newman, supra, interpreting proximate cause as an issue of fact do not reflect a change in Connecticut common law, a conclusion that the Court's holding in Quinnett is no longer the common law of Connecticut is not warranted. Finally, despite the apparent inconsistencies in the approaches used by the court in Quinnett andKowal, as the court in Henderson points out, both decisions conclude that a common law negligence action did not exist in these circumstances and the Superior Courts are bound by that conclusion. The court in Ventura concluded that until the Connecticut Supreme Court overrules the holding in Quinnett, the Superior Courts are bound by the Quinnett precedent. This court agrees that it is bound to follow the Supreme Court precedent that was reaffirmed inQuinnett.
Despite the Superior Court opinions to the contrary, the law in Connecticut, as articulated by the Supreme Court in Quinnett
does not recognize a cause of action in negligence or gross negligence for the service of alcoholic beverages. Accordingly, the defendants' motion to strike must be granted as to the second count of the plaintiff's complaint.
II. Third Count (Recklessness)
The defendants move to strike the third count of the plaintiff's complaint on the grounds that it also alleges a cause of action for negligence but fails to sufficiently allege a cause of action for recklessness. The defendants argue in their memorandum that the allegations in the third count are essentially the same as the allegations made in support of the gross negligence claim. They claim that the plaintiff does not allege any elements that go beyond the conclusion that the defendants served the decedent when he was intoxicated, and that the mere use of the words "willful, wanton and reckless" is insufficient to raise a claim of reckless and wanton conduct. The defendants argue further that in the absence of allegations of specific facts to support a CT Page 10921 claim that the defendants continued to serve the decedent despite "observable manifestations of intoxication," the complaint is insufficient to allege a cause of action for willful, wanton and reckless conduct.
The plaintiff argues in her opposing memorandum that the allegations in count three of the complaint, which state that the defendants "willfully, wantonly and recklessly" served the decedent alcoholic beverages while he was in an intoxicated condition and permitted him to operate his motorcycle while he was in "an obvious intoxicated condition," are sufficient under Dubay v. Irish,207 Conn. 518, 532-33, 542 A.2d 711 (1988), to state a cause of action for willful, wanton and reckless conduct.
As previously stated, no common law action in negligence existed against one who furnished intoxicating liquor to a person who voluntarily became intoxicated and injured the person or property either of himself or another. Quinnett, supra, 213 Conn. 345-46. The Connecticut Supreme Court has held that while a vendor may not be liable for the injurious consequences of negligent conduct in the sale or serving of alcoholic beverages to another, the same policy considerations do not apply when the vendor's conduct constitutes wanton and reckless misconduct. Kowal v.Hofher, supra, 181 Conn. 360. "An examination of the policy considerations involved in legal cause persuades us that there is no logical reason for denying the plaintiff a recovery based on proof of wanton and reckless misconduct. "Id., 362.
"Wanton misconduct is reckless misconduct. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." Dubay v. Irish,
supra, 207 Conn. 532. "Wanton misconduct is more than negligence, more than gross negligence." Kowal, supra, 181 Conn. 362. "In order to prove that a sale of intoxicating liquor was made in a wilful, wanton and reckless manner, the plaintiff must demonstrate that the defendants acted in a manner that tended to take on the aspect of `highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent.'" Coble v. Maloney, 34 Conn. App. 655, 661,643 A.2d 277 (1994). Nevertheless, "[t]he mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 46, 492 A.2d 219 (1985). "[I]n the absence of sufficient facts to support them, [claims of negligent, reckless, and wanton conduct] are subject to a motion to strike." CT Page 10922 Id.
The court in Swift v. My Brother's Place Ltd.,8 Conn. L. Rptr. 424, 425-26 (March 5, 1993, Higgins, J.), provides a useful examination of several Superior Court opinions in which the plaintiff's allegations were found to be sufficient to state a cause of action for recklessness in serving alcohol to an intoxicated person.
In Coble v. Maloney, 2 Conn. L. Rptr. 751, 752 (November 16, 1990, McWeeny, J.), the plaintiff made the following allegations in support of claim for reckless and wanton conduct:
 The collision and the plaintiff's injuries and losses were the result of the willful, wanton and reckless conduct of the defendants, or their servants, agents or employees, in that they served alcoholic liquor to an obviously intoxicated individual, the defendant Brain P. Maloney, when they knew, or should have known that the said defendant would be driving a motor vehicle when he left The Pub Cafe and would be likely to cause an injury to others. (Emphasis added.)
The court in Coble held that the plaintiff sufficiently alleged facts that constitute a claim for willful, wanton and reckless conduct by alleging that the defendants served liquor to an "obviously intoxicated individual." (Emphasis added.) Id., 752. Based on Coble, it appears that although the mere use of the words "reckless" and "wanton" are insufficient to raise an actionable claim of reckless and wanton misconduct; see Sheiman v. LafayetteBank and Trust Co., supra, 4 Conn. App. 46; mere use of the words "obviously intoxicated" is sufficient.
In Castillo v. Brito, 5 Conn. L. Rptr. 201 (December 2, 1991, Hennessey, J.), the court found that the plaintiff alleged sufficient facts to support a recklessness cause of action where "[t]he plaintiff at bar has alleged not only the sale to an intoxicated individual, but as well alleges that the unidentified individual who was served was loud and boisterous and alsoargumentative and/or prone to violent proclivities." (Emphasis added.) Id., 204.
Similarly, in Kirchmeier v. Foshay, 4 CSCR 337 (March 17, CT Page 10923 1989, Pickett, J.), the court found the allegations sufficient to state a cause of action for wanton and reckless conduct where the plaintiff alleged that the defendants "allowed the plaintiff's decedent to walk out of the establishment even though he was so effected that he was disoriented and unable to walk properly."
Following its analysis of the above cases, the court in Swiftv. My Brother's Place Ltd., supra, 8 Conn. L. Rptr. 426, found the following allegations insufficient to support an action for reckless and wanton conduct:
 The accident and the plaintiff's injuries and losses were caused by the willful, wanton and reckless conduct of the defendant, its agents, servants and/or employees in that they served alcohol to Keith Royce while they knew he was intoxicated, all of which resulted in the plaintiff's injuries.
In granting the motion to strike, the court in Swift held that "the plaintiffs [had] alleged no facts which would indicate that the defendants, or their agents, continued to serve Royce despiteobservable manifestations of intoxication." (Emphasis added.). Id. "The plaintiffs have not alleged that Royce was obviouslyintoxicated, or loud and boisterous, or that he was so intoxicatedthat he was unable to walk properly."[2] (Emphasis added.). Id. The Court stated further that while the plaintiffs need not allege specific characteristics of intoxication, they must "at least allege some elements which go beyond the mere conclusion that the defendants served an intoxicated person." Id.
The cases cited above indicate that in order to sustain a cause of action alleging willful, wanton and reckless misconduct in the service of alcohol, the plaintiff must plead facts, and not mere conclusions, which indicate that the defendants knowingly served an intoxicated patron. "These cases are examples of complaints which plead facts to demonstrate how the defendant would have known that the individual was intoxicated, as opposed to simply pleading the conclusion." Dziekan v. Shillelagh Corp.,10 Conn. L. Rptr. 420, 421 (November 12, 1993, Zoarski, J.). An allegation that the server knew that the individual was intoxicated, without more, is insufficient. See Swift v. MyBrother's Place Ltd., supra, 8 Conn. L. Rptr. 426. As the court inSwift emphasizes, the plaintiff must allege facts which would indicate that the defendants, or their agents, continued to serve CT Page 10924 a patron despite "observable manifestations of intoxication." Id., 426.
In support of her claim for recklessness in the present case, the plaintiff alleges that the defendants' conduct was willful, wanton and reckless in that the defendants: "wilfully, wantonly and recklessly served . . . alcoholic beverages to the decedent, Michael R. Devaney, while he was in an intoxicated condition"; "wilfully, wantonly and recklessly permitted the decedent, Michael R. Devaney, to operate his motorcycle from the U.S.S. Chowder Pot III, Ltd. while he was in an obvious intoxicated condition"; "wilfully, wantonly and recklessly failed to provide or make arrangements for transportation for the decedent, Michael R. Devaney, when he was leaving the U.S.S. Chowder Pot Ltd. in anobvious intoxicated condition"; and that "the subsequent collision and the plaintiff's injuries and losses were in consequence of the wilful, wanton and reckless conduct of the defendant permittee, her servants, agents or employees." (Emphasis added.) Plaintiff's Complaint (Third Count), ¶¶ 15-20.
For the most part, the allegations in the plaintiff's complaint state in conclusory fashion that the defendants' conduct was willful, wanton and reckless and do not indicate that the defendants continued to serve the decedent despite "observable manifoestations [manifestations] of intoxication." However, the court finds that the use of the phrase "an obvious intoxicated condition," as alleged by plaintiff, meets the minimum pleading requirements as established by the court in Coble and constitutes "observable manifestations of intoxication" which go beyond a mere conclusion that defendants served the decedent, Michael R. Devaney, while he was intoxicated. Thus, the court finds that the plaintiff has alleged sufficient facts, which if proven, would sustain an action for reckless conduct. Accordingly, the defendants' motion to strike the third count of the complaint for recklessness will be denied.
CONCLUSION
Based on the foregoing, the defendants' motion to strike (#101) is granted as to the second count which alleges an action in gross negligence; the motion is denied as to the third count which alleges reckless misconduct.
SO ORDERED. CT Page 10925
MICHAEL HARTMERE JUDGE OF THE SUPERIOR COURT