[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (No. 137)
I. Facts and Procedural History:
On September 15, 1992 the defendant American Legion Post #68 and the American Legion Department of Connecticut, through its employees, agents, or servants, provided Mr. Edward J. Kiley with alcoholic liquor. (Original and Amended Complaint, September 8, 1995, p. 3, ¶¶ 13). A few hours after leaving the defendant's establishment, Mr. Kiley was involved in a head-on collision with Ms. Leslie J. Karp, decedent, on Fenn Road in Newington, Connecticut. (Amended Complaint, September 8, 1995, pp. 1-2, ¶¶ 2-4). The accident resulted from Mr. Kiley's motor vehicle crossing the center line into the decedent's vehicle. (Amended Complaint, September 8, 1995, p. 1, ¶ 4). As a result of the collision, the decedent sustained serious injuries, and died on September 24, 1992. (Amended Complaint, September 8, 1995, p. 2, ¶¶ 5-6). The plaintiff, Donald P. Karp, was appointed administrator of the estate of the decedent by order of the Probate Court for the District of West Hartford on October 1, 1992. (Amended Complaint, September 8, 1995, p. 1, ¶ 1). The plaintiff filed the original complaint on July 15, 1993 naming the American Legion Department of Connecticut as defendant. Thereafter, plaintiff filed several amended complaints, with the most recent amended complaint dated September 8, 1995.
On September 15, 1993, a motion to strike (#103) was filed by the American Legion Department of Connecticut, which was granted on January 24, 1994. On November 9, 1993, prior to the above motion to strike being granted, the defendants Amenta, Tessman, CT Page 11625 Skene, and Wright (officers and backers of the American Legion Post #68), filed their own motion to strike (#105). Motion to strike #105 was based on the same grounds as the previous motion to strike #103. Motion to strike #105, never having been pursued or acted upon to this date, is hereby denied with prejudice for failure to prosecute with reasonable diligence and the present motion to strike (# 137) will be addressed below.
In addition, on March 16, 1994, a motion for summary judgment (#111) was filed by defendant American Legion Department of Connecticut, which was never acted upon. However, the record discloses that subsequent to the filing of the motion for summary judgment, which sought to remove the defendant American Legion Department of Connecticut, the plaintiff filed a withdrawal of action (# 112) against the American Legion Department of Connecticut. Accordingly, this court considers the motion for summary judgment #111 as moot.
On September 13, 1995, the plaintiff's motion to cite in the individual member of the American Legion Post #68 (# 141), was granted and the complaint was amended to reflect the new defendants on October 13, 1995.
Also, on September 13, 1995 the plaintiff filed a memorandum in opposition to the defendant's motion to strike #137 dated June 30, 1995.
II. Discussion:
"A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted). Mingachos v.CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, most favorably to the pleader.Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
The defendant moved to strike the third, fourth, and fifth counts of plaintiff's amended complaint dated April 26, 1995, as well as the plaintiff's claim for double and treble damages pursuant to General Statutes § 14-295. The defendant's motion CT Page 11626 to strike stated as grounds, all three counts "are legally insufficient pursuant to the Supreme Court's decision in Quinnettv. Newman[1]." "In addition, the plaintiff's third count is barred by the applicable statute of limitations." Further, "the plaintiff fails to allege the necessary requirements for a claim for double or treble damages pursuant to section 14-295 of the General Statutes." The plaintiff has amended its complaint since the filing of the motion to strike at issue. However, since the amended complaint dated September 8, 1995, repeats the counts at issue, namely Seventh, Eighth and Ninth Counts respectively, this court will address the merits of the motion to strike based on the September 8, 1995 amended complaint. Each of the above grounds will be discussed in turn below.
A. Seventh Count (Negligence):
1. Negligence: The plaintiff alleges in its complaint that the death of Ms. Karp was caused by "the negligent and careless conduct of the defendants, their agents, servants, and/or employees . . ." (Seventh Count ¶ 15). The complaint states that the negligent conduct of the defendant was its service of alcohol to Mr. Kiley while he became increasingly intoxicated. The plaintiff argues the defendant knew or should have known that Mr. Kiley was intoxicated, would be driving in his intoxicated condition and that he would create a risk to the traveling public.
As an alcohol related negligence cause of action, the controlling authority is Quinnett v. Newman, supra 213 Conn. 343. In Quinnett the court was confronted with a very similar factual scenario, where the plaintiff was injured by an intoxicated driver and the plaintiff sued the purveyor of the alcohol. The court held, "[a]t common law there is no cause of action based upon negligence in selling alcohol to adults who are known to be intoxicated." Id., 345.
Quinnett has been recently cited in Ventura v. Veterans ofForeign Wars No. 269, Inc., 14 Conn. L. Rptr. 226 (May 2, 1995, Walsh, J.). In Ventura the plaintiff claimed she was injured after the defendant's employees served the tortfeasor to intoxication prior to his collision with her. The court granted the defendant's motion to strike the negligence count stating "This decision [Quinnett v. Newman] has not been overruled, and as such is the law of the State of Connecticut." Id. In discussing the binding nature of Quinnett, Judge Walsh stated CT Page 11627 "under the doctrine of stare decisis, there is no question that a decision of the [Connecticut Supreme Court] is a controlling precedent until overruled or qualified . . . Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction. It is not their function to attempt to overrule decisions of a higher court." (Internal citations omitted, internal quotations omitted). Id.
This court acknowledges the analytical, and well reasoned argument of the plaintiff in its attempt to distinguish the Supreme Court precedent in Quinnett v. Newman. However, although this court is sympathetic to the plaintiff's argument, it is not for this court to disregard clear Supreme Court authority. In this area the Supreme Court has been clear, "[a]t common law there is no cause of action based upon negligence in selling alcohol to adults who are known to be intoxicated." Id., 345. "Whether a Supreme Court holding should be reevaluated or discarded is not for the Superior Court to decide." Ventura v.Veterans of Foreign Wars No. 269, Inc., supra14 Conn. L. Rptr. 226.
Accordingly, it is decided that the plaintiff's negligence cause of action is barred by Quinnett, and therefore, the plaintiff has failed to state a cause of action upon which relief can be granted. Accordingly, the defendant's motion to strike the plaintiff's seventh count should be granted.
2. Statute of Limitations: The court does not address this argument, having disposed of this count on alternative grounds.
 B. Eighth Count (Negligent Nuisance) and Ninth Count (Absolute Nuisance):
The plaintiff alleges negligent nuisance in its complaint stating: "through the negligent and careless conduct of the defendant, their agents, servants and/or employees, aforesaid, the defendants created a public nuisance in that they caused an automobile to be operated on . . . roads open to the public . . . by Edward Kiley, who had been rendered unfit by the defendant's actions . . . which created an unreasonable and dangerous condition . . . to the traveling public." (Eighth Count ¶ 16). Absolute nuisance is stated in the Ninth Count. The Ninth Count repeats the above quoted allegation except that the alleged conduct was "intentional actions of the defendants . . ." (Ninth Count ¶ 16). CT Page 11628
The Quinnett court also addressed nuisance, both negligent nuisance and absolute nuisance. Quinnett concluded that there can be no cause of action in nuisance arising out of a purveyor's serving alcohol to an adult who subsequently injuries someone.Quinnett v. Newman, supra 213 Conn. 349. In order to establish nuisance, the plaintiff must "prove that the inherently dangerous condition is a continuing one and was the proximate cause of the plaintiffs injuries and damages." Id. "The proximate cause of the adult motorist's intoxicated condition, however, lies in his own immoderate use of alcohol and not in its service to him by the defendant sellers." Id., 349; see Ely v. Murphy, 207 Conn. 88,94, 540 A.2d 54 (1988).
This court acknowledges the plaintiff's argument that there appears to be movement in treating proximate cause as a question of fact instead of law when it involves purveying alcohol. Plaintiff cites Henderson v. Dolan, 1 Conn. Ops. 297 (February 17, 1995, Hodgson, J.) and Kowal v. Hofher, 181 Conn. 355 (1980) in support of its argument. However, it is this court's opinion that this court should continue to follow the precedent laid out in detail in Quinnett. This very argument was competently addressed by Judge Walsh in Ventura v. Veterans of Foreign WarsNo. 269, Inc., supra,
 This court must necessarily presume that the Supreme Court was aware of its prior holdings [Henderson] on the issue of proximate cause when it reached its decision in Quinnett. Since the Supreme Court's decisions after Quinnett interpreting proximate cause as an issue of fact do not reflect a change in Connecticut common law, a conclusion that the court's holding in Quinnett
is no longer the common law of Connecticut is not warranted.
The above cited precedent is controlling and thus the plaintiff, being unable to prove the elements of nuisance, has failed to state a claim upon which relief can be granted. It is decided, the defendant's motion to strike the plaintiff's eighth and ninth counts should be granted.
C. General Statutes § 14-295[2]
CT Page 11629
The defendant argues in its motion to strike that "the plaintiff fails to allege the necessary requirements for a claim for double or treble damages pursuant to section 14-295 of the General Statutes." The statute is only applicable where the defendant has "deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222,14-227a, 14-230, 14-234, 14-237, 14-239 or14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." General Statutes § 14-295.
The plaintiff has failed to allege sufficient facts to find the defendant's conduct in serving alcohol to the tortfeasor falls within this statute. The statute requires the plaintiff to identify which of the enumerated section(s) the plaintiff is relying on. Plaintiff failed to allege any of the enumerated sections. Accordingly, this court should grant the defendant motion to strike the double and treble damages claim pursuant to General Statutes § 14-295.
III. Conclusion:
The plaintiff's attempt to circumvent the limitations of General Statutes § 30-102[3] is without merit in view of the binding authority of Quinnett. In the majority opinion inQuinnett, addressing the liability of the vendor of the alcohol to the plaintiff, Justice Covello stated "[w]e conclude that neither a common law negligence action nor a public nuisance action against the vendor exists under such circumstances, the legislature having filled the field through the enactment of General Statutes 30-102." Quinnett v. Newman, supra 213 Conn. 344. Further, he stated that "where the legislature has so clearly chosen to act . . . we are bound to honor the means by which it [the General Assembly] addresses the policy issue in question." Id.
For the reasons herein stated, it is concluded that the defendant's motion to strike counts third, forth and fifth (as herein discussed as counts seventh, eighth and ninth) and its request to strike double and treble damages under General Statutes § 14-295, ought to be and is hereby granted.
It is so ordered,
ARENA, J. CT Page 11630